DEAN H. THEDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thede v. Commissioner
Docket No. 6225-78.
United States Tax Court
T.C. Memo 1979-417; 1979 Tax Ct. Memo LEXIS 109; 39 T.C.M. (CCH) 307; T.C.M. (RIA) 79417; October 3, 1979, Filed Dean H. Thede, pro se. Jan Pierce, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954[1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined an excise tax deficiency for each of the years 1975 and 1976 in the amount of $52.50. *111 The issue is whether petitioner is liable for an excise tax under section 4973(a) for excess contributions to an individual retirement account (IRA). The facts have been stipulated and they are found accordingly. Petitioner was a resident of Portland, Oregon at the time the petition herein was filed. He was employed as a butcher for a number of years until he retired on August 31, 1976. While so employed petitioner was a union member and a participant in the Oregon Federation of Butchers Pension Trust. The union contract in effect in 1975 required petitioner's employer to contribute a designated amount to the pension trust for every hour that petitioner worked. At some time in 1976 petitioner elected to draw his retirement from the pension trust at a reduced rate because he was under age 65. He receives $130 per month from the trust. On December 31, 1975 petitioner paid $875 into an IRA at the Equitable Savings and Loan Association. This amount remained in the IRA through 1976. Petitioner did not claim a deduction in 1975 for a contribution to an IRA under the provisions of section 219. Respondent imposed an excise tax of $52.50 for each of the years 1975 and 1976 *112 under section 4973(a) for excess contributions made by petitioner to an IRA. Section 219(b)(2)(A)(i) provides that no deduction for contributions to an IRA will be allowable for a taxable year to any individual who was "an active participant" in a qualified pension plan "for any part of such year." Section 4973(a) imposes an excise tax of 6 percent on any "excess contributions" during the taxable year to an IRA, and under the provisions of section 4973(b) as applicable during the years in issue the excise tax applies each year until the "excess contributions" are removed from the IRA.Here, petitioner does not dispute that he was an active participant of a qualified trust when he made the contributions in 1975 and consequently under the provisions of section 4973(b) the entire contribution is deemed an excess contribution in that year. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2nd Cir. 1979). Under these facts the 6 percent excise tax is clearly applicable in the years 1975 and 1976. We find no merit in petitioner's vague constitutional objections to the statutory scheme allowing individual retirement accounts under section *113 219. [3] In Guest v. Commissioner, 72 T.C.     (filed August 3, 1979) this Court, after a thorough review of the relevant legislative history, concluded that "the classification created by section 219(b)(2) does not constitute a denial of equal protection of the laws and does not violate the due process clause of the Fifth Amendment to the United States Constitution." Nor do we perceive any validity in petitioner's contention that the 6 percent excise tax is somehow invalid because it is, in effect, an excise tax on savings accounts. The analogy escapes us. It is quite clear that section 219 is concerned only with individual retirement accounts. In providing for the excise tax Congress exercised its judgment in choosing a sanction best suited to achieve its legislative purpose. Petitioner's contention does not persuade us that the sanction chosen by Congress was unfair or inappropriate. See Orzechowski v. Commissioner, supra. *114 We conclude that petitioner's contribution was an excess contribution to which section 4973 is applicable. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. Initially, we should point out that we are a Court of limited jurisdiction. Section 6214. Consequently we have no authority to consider petitioner's various objections and complaints with respect to governmental operations generally.↩