EDWIN C. TOLOCZKO and ELIZABETH B. (KING) TOLOCZKO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Toloczko v. Commissioner
Docket No. 9288-77.
United States Tax Court
T.C. Memo 1979-424; 1979 Tax Ct. Memo LEXIS 101; 39 T.C.M. (CCH) 354; T.C.M. (RIA) 79424; October 11, 1979, Filed Edwin C. Toloczko, pro se. *102 Harmon B. Dow, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Chief Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $446.32. The only issues for decision are: (1) Whether petitioners are entitled to a deduction of $1,488 for a contribution to an individual retirement account (IRA) of petitioner Edwin C. Toloczko (hereinafter referred *103 to as petitioner), under section 219; and (2) whether petitioners are liable for an excise tax of six percent (i.e., $57.41) for an "excess contribution" to an IRA under section 4973, as limited by that section to the value of the account at the end of the year ($956.83). FINDINGS OF FACT Most of the facts in this case were stipulated by the parties. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners filed a timely Federal joint income tax return for the year 1975. At the time the petition herein was filed, they resided at 801 North Brainard Avenue, LaGrange Park, Illinois. From November 1973 through August 15, 1975, petitioner was employed by Procon, Incorporated, a wholly-owned subsidiary of Universal Oil Products Company. In November 1974, petitioner became a member of a profit-sharing plan maintained by Universal Oil Products Company, entitled "Universal Oil Products Company and Its wholly-owned Subsidiaries Employees Incentive Plan" (hereinafter referred to as the incentive plan). This incentive plan was a qualified profit-sharing plan within the meaning of section 401(a) of the Internal Revenue Code *104 . On August 15, 1975, petitioner was "laid off" by Procon, Incorporated, and was not employed by anyone for the remainder of the year.In October 1975, petitioner received the sum of $592.97 as a distribution from the incentive plan. This represented the value of the petitioner's interest in the incentive plan at the time of distribution, although he had contributed a total amount of $622.50 to the incentive plan during the years 1974 and 1975. Universal Oil Products Company had contributed $99.01 to the incentive plan on behalf of the petitioner.However, this amount was forfeited upon the termination of the petitioner's employment and consequently was not distributed to him. During the year 1975, the petitioner established an annuity plan with the John Hancock Mutual Life Insurance Company, which he intended to be an individual retirement account or individual retirement annuity within the meaning of section 408 of the Internal Revenue Code. This type of plan was approved as a qualified plan by the Internal Revenue Service. During the year 1975, the petitioner contributed the amount of $1,488 to this annuity plan. OPINION The respondent contends *105 that, in 1975, the petitioner was an active participant in a plan described in section 401(a) of the Internal Revenue Code and was, thus, not entitled to a deduction for a contribution to an IRA. We agree. Section 219(b)(2)(A)(i) provides that no deduction for contributions to an individual retirement account will be allowed to any individual for a taxable year, if for any part of such year he was an active participant in a plan described in section 401(a). During part of the year 1975, petitioner was an "active participant" in the incentive plan, a plan described in section 401(a), under the statute as construed by this Court. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Therefore, he is not entitled to a deduction for the contribution made to the IRA in 1975. Section 4973 imposes an excise tax of six percent on any "excess contributions" made during the taxable year to an IRA. Since petitioner was entitled to no deduction under section 219, the entire contribution made by him to the IRA was in excess of the amount deductible for that year and was an "excess contribution," under the *106 decision in Orzechowski v. Commissioner,supra. Therefore, the six percent excise tax imposed by that section is applicable to the excess contribution, as limited by that section to the value of the IRA account at the close of the taxable year. The petitioner has advanced no real, legal reason as to why the deduction claimed for the contribution to the IRA should not be disallowed. His argument, as stated in the petition, is as follows: The adjustment requested by me is that the deficiency disputed here ($446.32) be considered in my favor based on hardship, due to short term employment (7-1/2 months) during 1975, no Pension Plan anywhere, and loss of Pension Plan resulting from a lay-off from lack of work in the company, which is a factor beyond my control. * * * It is, indeed, unfortunate for the petitioner that he was not able to claim a deduction for a contribution to an individual retirement account in 1975, under the provisions of the law governing such accounts. However, we are bound by the terms of the law as enacted by the Congress and have no power to make decisions based upon equitable considerations, such as hardship, etc. Consequently, we *107 have no alternative but to follow the statute and sustain the respondent's determination. * * *
In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.