**Richard W. and Janet ORZECHOWSKI, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 107, Docket 78–4061.**

United States Court of Appeals, Second Circuit.

Argued Oct. 20, 1978.

Decided Feb. 20, 1979.

---

Richard W. Orzechowski, for appellants.

William S. Estabrook III, Tax Division, Dept. of Justice, Washington, D.C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Leonard J. Henzke, Jr., Tax Division, Dept. of Justice, Washington, D. C., of counsel), for appellee.

Before SMITH, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal by pro se litigants from a decision of the United States Tax Court reported at 69 T.C. 750 (1978). The Tax Court approved the disallowance of a deduction on appellants' 1975 tax return for a $1500 contribution to an individual retirement account (IRA) created by appellant Richard Orzechowski in 1975 and the imposition of a six percent excise tax on the amount of the contribution. We affirm.

The facts, which are set forth in some detail in the Tax Court's opinion, may be summarized briefly. Mr. Orzechowski was a non-contributing participant in his employer's qualified pension plan. Under the terms of the plan, Mr. Orzechowski's rights would not vest until he had completed ten years of continuous service. During his sixth year of participation, he concluded that his employment might not continue for the ten-year vesting period and attempted unsuccessfully to waive coverage under the company plan so that he could create his own retirement program. When he was informed in 1975 that he would shortly be discharged, he promptly opened a retirement account in his own name and deposited $1500 in that account.

## DEDUCTIBILITY OF THE IRA CONTRIBUTION

Section 408(a) of the Code permits the creation of an IRA provided it meets certain specified requirements. 26 U.S.C. § 408(a). Section 219(b)(1) permits tax deductions for cash payments into an IRA up to fifteen percent of the taxpayer's gross income, or $1500, whichever is less. *Id.* § 219(b)(1). No deduction is allowed, however, where the taxpayer is an active participant in a pension plan created by his employer. *Id.* § 219(b)(2).

At the time Mr. Orzechowski made the $1500 deposit, he was an active participant in his employer's plan; and the Tax Court did not err in disallowing the amount of his deposit as a deduction. Appellants' arguments to the contrary are without merit. Although Mr. Orzechowski was not covered by his employer's collective bargaining agreement, neither the agreement nor the statute limited participation in the employer's retirement program to covered employees. Participation was required by Mr. Orzechowski's employment contract, and he therefore could not opt out without his employer's consent. Although other workmen, whose rights in a plan were vested or who were not covered at all, either had or could establish more certain tax-supported benefits than Mr. Orzechowski had or could establish, this did not violate his Fifth Amendment rights. Congress's objective was to prevent non-vested participants from creating their own tax-supported retirement program, thereby securing double benefits after their rights in their employer's plan vested. *See* H.Rep.No. 93–807, 93d Cong., 2d Sess. (1974), *reprinted in* [1974] U.S.Code Cong. & Ad.News 4639, 4670, 4794. Because there thus appears to be a rational basis for the legislative classification at issue herein, it meets constitutional standards. *See Massa-*

*chusetts Board of Retirement v. Murgia*, 427 U.S. 307, 314–17, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *United States v. Maryland Savings-Share Insurance Corp.*, 400 U.S. 4, 6–7, 91 S.Ct. 16, 27 L.Ed.2d 4 (1970); *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

There was no illegality in the plan itself. Its ten-year vesting requirement was permitted by statute, 26 U.S.C. § 411(a)(2)(A), and the Tax Court found that the employer did not deliberately discharge employees to prevent their rights from being vested. The compulsion on Mr. Orzechowski to participate came solely from his employer and did not involve governmental action for purposes of the Fifth Amendment. *See Reid v. McDonnell Douglas Corp.*, 443 F.2d 408, 409–11 (10th Cir. 1971); *cf. Railway Employes' Department v. Hanson*, 351 U.S. 225, 231–32, 76 S.Ct. 714, 100 L.Ed. 1112 (1956) (Railway Labor Act).

## THE EXCISE TAX

Section 4973(a) of the Code imposes a tax of six percent on the amount of the excess contribution to an IRA, which in Mr. Orzechowski's case was $1500. *See* 26 U.S.C. § 4973(b). Although the Tax Court acted unanimously in disallowing the contribution as a deduction, its members were in sharp disagreement as to the imposition of the six percent tax. The dissenting judges were obviously concerned over the fact that the penalties resulting from the excess contribution were not limited to a one-time six percent levy. As Judge Dawson pointed out in his dissenting opinion, the tax would be levied annually for as long as the excess contribution remained in Mr. Orzechowski's retirement account. *See id.* § 4973(b)(2). On the other hand, if Mr. Orzechowski withdrew the excess contribution before he reached 59½ years of age, he would be subject to a ten percent tax on the amount of the withdrawal. *See id.* § 408(f)(1). Regardless of when the withdrawal was made, he would have to pay an income tax on the money withdrawn, money on which he had already paid an income tax in the year in which it was deposited. *See id.* § 408(d)(1).

Judge Dawson and his dissenting colleagues felt that the remedy for this unfair situation was to treat Mr. Orzechowski's attempted creation of an IRA as a nullity and permit the IRS simply to tax the aborted contribution and impose the customary penalty for late payment. The majority, although mindful of the criticism directed at the harshness of the IRA statutory penalties, felt that the Tax Court should not substitute its judgment for that of Congress.

Since this appeal was taken, Congress, too, has become aware of the widespread criticism directed at the excess payment penalties and has acted to mitigate them. Under the Revenue Act of 1978, excess contributions for prior years may be withdrawn without income tax liability or ten percent penalty to the extent that no prior deduction under section 219 has been allowed. *See* Revenue Act of 1978, P.L. 95–600, § 157(c)(1), 92 Stat. 2805, 11B U.S.Code Cong. & Ad.News (Dec. 1978) (to be codified in 26 U.S.C. § 408(d)(5)). We may conclude from the enactment of this amendment that Congress does not consider an IRA such as Mr. Orzechowski's to be a complete nullity. However, because of the statutory changes that Congress has made, the penalty imposed upon Mr. and Mrs. Orzechowski for his lay venture into the troublesome field of tax law will not be substantial. Indeed, Congress has directed the IRS to refund to taxpayers all penalties and income taxes based on distributions after December 31, 1975, which corrected previous excess contributions. *See* Revenue Act of 1978, § 157(c)(2). For the foregoing reasons, the judgment appealed from is affirmed without costs.