ESTATE OF ARTHUR L. HALL, LOUISE R. HALL, EXECUTRIX AND LOUISE R. HALL, SURVIVING SPOUSE (NOW LOUISE R. LYNCH), Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Hall v. Commissioner
Docket No. 9762-78.
United States Tax Court
T.C. Memo 1979-342; 1979 Tax Ct. Memo LEXIS 184; 38 T.C.M. (CCH) 1336; T.C.M. (RIA) 79342; August 28, 1979, Filed Louise R. Lynch, pro se. Barbara B. McCaskill, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $147.93 in petitioners' Federal income tax for 1975 and imposed an excise tax of $40.34. The issues for our determination are: (1) whether taxpayer whose sole proprietorship showed a net loss may deduct his contribution to an individual retirement account; and (2) whether such contribution constitutes an excess contribution subject to the 6 percent excise tax imposed by section 4973. [1]
This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits are incorporated herein by reference. Arthur L. Hall (hereinafter decedent) and Louise R. Hall (now Louise R. Lynch, hereinafter referred to as petitioner) timely filed a joint Federal income tax return for 1975. When she filed her petition as surviving spouse and as executrix of decedent's estate, petitioner *188 resided in Cleveland, Ohio. For 1975, decedent's sole proprietorship, A. L. Hall Realty, received commissions of $12,173.15, of which $11,410 represented sales commissions. After deducting expenses of $14,499.79, A. L. Hall Realty showed a net loss of $2,326.64. Decedent also had a net loss of rental income in the amount of $197.13 and a net capital gain of $70.40. Petitioner, a guidance counselor, had income of $18,230.50. In addition, they had $895.08 in interest income. On their 1975 return, decedent took a deduction of $672.41 from their joint income for a contribution to an individual retirement account in his name. Section 219(a)(1) allows a deduction for amounts paid by a person to an individual retirement account. [2] The amount of this deduction, however, is limited to the lesser of $1,500 or 15 percent of compensation includable in his gross income. [3] Compensation, as defined in section 219(c)(1), is intended to include earned income (gross income from the business less allowable deductions attributable to it). [4]
*189 Although she has failed to submit a brief, in a statement attached to her petition, petitioner contends, first, that compensation for self-employed individuals is not confined to earned income since the definition in section 219(c)(1) uses the term "includes," and second, that, on the basis of section 61(a), [5] compensation for even self-employed persons includes commissions. By contrast, respondent argues that despite the use of the word "includes" in section 219(b), Congress intended compensation to mean only net earnings in the case of a self-employed individual. Since decedent's realty business showed a loss, respondent contends, he was not allowed any deduction for his contribution to an individual retirement account. We agree with respondent. Petitioner's contention that the word "compensation" as used in section 219 is defined by section 61(a) is untenable. Section *190 219(c)(1) specifically provides a definition of compensation "[for] purposes of this section." Petitioner's other argument fails too. After examining the language in and legislative history of section 219, we are convinced that in the case of a self-employed individual, compensation is indeed synonymous with earned income. [6]
First, section 219(a) differentiates between an employee and a self-employed individual by stating that any payment by an employer to an individual's retirement account constitutes compensation includable in gross income only to the former. Congress thus provided for an increase in an employee's compensation that could, in turn, effect an increase in his allowable deduction under section 219(b)(1). Second, the legislative history of section 219 confirms respondent's position.H. Rept. 93-779, p. 126 (1974), 1974-3 C.B. 244, 369, states Congress' intent that: compensation generally is to include only compensation for personal services, and is not to include earnings *191 from property (such as interest and dividends). Additionally, since self-employed persons are to be allowed the retirement savings deduction (if they do not participate in an H.R. 10 plan), compensation includes earned income (as defined in sec. 401(c)(2)). * * * It is reasonable to infer from these two sentences that Congress intended compensation to include, in the case of the employee, compensation for personal services and, in the case of the self-employed individual, earned income. Moreover, a comparison with qualified retirement (H.R. 10) plans supports respondent's interpretation of "compensation." Congress intended H.R. 10 plans which provide benefits to all employees on a non-discriminatory basis to be more desirable to self-employed individuals than retirement savings plans under section 219 which do not so require. Conf. Rept. 93-1280, p. 336 (1974), 1974-3 C.B. 415, 497. Yet, even H.R. 10 plans do not allow a taxpayer to deduct a contribution to the plan when there is no earned income. [7]
*192 Since we have found that decedent was not entitled to deduct any of his contribution to an individual retirement account, we also find that he is subject to the 6 percent excise tax on excess contributions imposed by section 4973. [8] In order to be an effective deterrent against the making of excess contributions, Congress intended to apply the 6 percent nondeductible excise tax whenever an excess contribution was determined; proof of negligence or willfulness is not required. Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979). *193 Decision will be enteredfor the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954 as in effect for the taxable year at issue.↩
2. Section 219(a) provides: (a) Deduction Allowed.--In the case of an individual, there is allowed as a deduction amounts paid in cash for the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a), (2) for an individual retirement annuity described in section 408(b), or (3) for a retirement bond described in section 409 (but only if the bond is not redeemed within 12 months of the date of its issuance). For purposes of this title, any amount paid by an employer to such a retirement account or for such a retirement annuity or retirement bond constitutes payment of compensation to the employee (other than a self-employed individual who is an employee within the meaning of section 401(c)(1)) includible in his gross income, whether or not a deduction for such payment is allowable under this section to the employee after the application of subsection (b). ↩
3. Section 219(b) provides in part: (b) Limitations and Restrictions.-- (1) Maximum deduction.--The amount allowable as a deduction under subsection (a) to an individual for any taxable year may not exceed an amount equal to 15 percent of the compensation includible in his gross income for such taxable year, or $1,500, whichever is less. ↩
4. Section 219(c)(1) provides: (c) Definitions and Special Rules.-- (1) Compensation.--For purposes of this section, the term "compensation" includes earned income as defined in section 401(c)(2). Section 401(c)(2) provides in part: (2) Earned income.-- (A) In general.--The term "earned income" means the net earnings from self-employment (as defined in section 1402(a)), * * * Section 1402(a) provides in part: (a) Net Earnings From Self-Employment.--The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, * * *↩
5. Section 61(a) provides in part: (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items;↩
6. We note that although section 219(c)(1) provides an inexhaustive definition of compensation, it would also be a superfluous one if interpreted as petitioner requests.↩
7. Section 404(e)(4) provides in part: (4) Limitations cannot be lower than $750 or 100 percent of earned income. -- The limitations under paragraphs (1) and (2)(A) for any employee shall not be less than the lesser of -- (A) $750, or (B) 100 percent of the earned income derived by such employee from the trades or businesses taken into account for purposes of paragraph (1) or (2)(A) as the case may be. * * *↩
8. Section 4973(a) provides: (a) Tax Imposed. -- In the case of -- (1) an individual retirement account (within the meaning of section 408(a)), (2) an individual retirement annuity (within the meaning of section 408(b)), a custodial account treated as an annuity contract under section 403(b)(7)(A) (relating to custodial accounts for regulated investment company stock), or (3) a retirement bond (within the meaning of section 409), established for the benefit of any individual, there is imposed for each taxable year a tax in an amount equal to 6 percent of the amount of the excess contributions to such individual's accounts, annuities, or bonds (determined as of the close of the taxable year). The amount of such tax for any taxable year shall not exceed 6 percent of the value of the account, annuity, or bond (determined as of the close of the taxable year). In the case of an endowment contract described in section 408(b), the tax imposed by this section does not apply to any amount al locable to life, health, accident, or other insurance under such contract. The tax imposed by this subsection shall be paid by the individual to whom a deduction is allowed for the taxable year under section 219 (determined without regard to subsection (b)(1) thereof) or section 220 (determined without regard to subsection (b)(1) thereof), whichever is appropriate.↩