ROBERT J. and MARY K. HAUSER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hauser v. Commissioner
Docket No. 3031-79.
United States Tax Court
T.C. Memo 1980-13; 1980 Tax Ct. Memo LEXIS 574; 39 T.C.M. (CCH) 893; T.C.M. (RIA) 80013; January 17, 1980, Filed Mary K. Hauser, pro se. Michael R. Morris, for the respondent. DAWSON
MEMORANDUM *575 OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $45 and determined an excise tax liability of $9.78. The questions for decision are: (1) Whether petitioners are entitled to a deduction of $163 for a contribution to an individual retirement account (IRA), under section 219; and (2) whether they are liable for the excise tax of six percent that is imposed by section *576 4973 on "excess contributions" to an IRA. Most of the facts in this case were stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners filed a timely Federal joint income tax return for the year 1975. At the time the petition herein was filed, they resided at 1850 West Orangethorpe, #56, Fullerton, California. On January 27, 1975, petitioner Mary K. Hauser (hereinafter referred to as petitioner) resigned from her position as a clerk at a naval base in California, a position that she had held for some 13 months. While so employed, she was a participant in the Federal Civil Service Retirement System and paid $503 into it. At the time of her resignation, she requested a refund of that amount, which she received in March of 1975. In July of 1975, petitioner established an IRA and contributed $163 to it, an amount that represents 15 percent of her earned income for that year.It is her position that she is entitled to a deduction in that amount for the year 1975, under section 219. Subject to certain limitations, section 219(a) allows taxpayers to deduct amount paid in cash to an IRA during the taxable *577 year. However, section 219(b)(2) provides that "no deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year" he was an active participant in (among others) a retirement plan established for its employees by the United States. Petitioner was an active participant in such a retirement plan during part of the year 1975 and is, therefore, not entitled to a deduction for the contribution made to the IRA in that year. See Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Section 4973 imposes an excise tax of six percent on "excess contributions" made to an IRA during the taxable year. Since petitioner is not entitled to a deduction under section 219 for her contribution of $163 to an IRA, it follows that this entire amount is an excess contribution subject to the excise tax imposed by section 4973. Orzechowski v. Commissioner,supra.
Petitioner asserts that section 219(b)(2) discriminates unfairly against the taxpayer who attempts to established an IRA for the same taxable year in which he ends his participation in a retirement plan set up by his *578 employer. For this reason, she argues that the section is unconstitutional. We, however, have recently held that section 219(b)(2) is constitutional, Guest v. Commissioner,72 T.C. 768 (Aug. 3, 1979), and petitioner has not persuaded us that a different result is called for here. Petitioner further argues that she should be allowed to deduct her contribution to the IRA because she ended her participation in the Civil Service Retirement System prior to the issuance of regulations specifying that a taxpayer covered by a retirement plan for any part of the year would not be eligible to deduct contributions to an IRA. In effect, she argues that she should not be bound by the regulations and that she is entitled to the deduction claimed because she was not covered by any retirement plan at the time she established an IRA. What she fails to realize, however, is that it is not the regulations alone that prevent her from deducting the contribution to the IRA, but the language of section 219 of the Internal Revenue Code itself. The statute is crystal clear in providing that no deduction is to be allowed for contributions to an IRA, if for any *579 part of the taxable year the taxpayer was an ctive participant in a retirement plan established by the United States for its employees. It may well be, as petitioner asserts, that there is congressional support for amending the law to allow a participant in a government pension plan to deduct contributions made to an IRA. However, that is a matter for future action by the Congress. In the meanwhile, we must follow the law as presently enacted. Accordingly, we have no choice but to sustain the respondent's determination. * * *
In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.