REESE and MARY E. HOLLON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hollon v. Commissioner
Docket No. 5863-78.
United States Tax Court
T.C. Memo 1980-47; 1980 Tax Ct. Memo LEXIS 540; 39 T.C.M. (CCH) 1080; T.C.M. (RIA) 80047; February 26, 1980, Filed Reese Hollon, pro se. Barry Bledsoe, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $206.45. The only issues for decision are: (1) Whether petitioners are entitled to a deduction of $1,044.79 in 1975 for a contribution to an individual retirement account (IRA) of Reese Hollon (hereinafter referred to as petitioner), under section 219, [1] and (2) whether petitioners are liable for the excise tax of six percent that is imposed by section 4973 on "excess contributions" to an IRA. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioners, Reese and Mary E. Hollon, husband and wife, resided *542 in Prattville, Ala. at the time of filing their petition herein. Petitioners timely filed a Federal joint income tax return for the year 1975. In 1974, petitioner was elected to the Autauga County Commission (Commission). [2] The Commission administered a pension plan (the plan) for all of its employees that was a qualified pension plan under section 401(a) during 1975. [3] The plan was a noncontributory defined benefit plan under which an employee's rights were forfeitable until he had completed 15 years of continuous service. Petitioner was a participant in the plan during 1975. The Commission paid $59.53 into the plan on behalf of the petitioner in 1975. Petitioner established an Individual Retirement Account (IRA) at the First National Bank of Autauga County in 1975. Petitioner contributed *543 $1,500 to this IRA in 1975. At the time petitioner established his IRA, he was unaware that he was covered by the Commission's qualified plan. When petitioner realized that participation in the Commission's plan would interfere with the income tax benefits of his IRA, he withdrew from the Commission's plan on July 18, 1977. On petitioners' 1975 Federal income tax return, they claimed a deduction of $1,044.79 for the contribution to petitioner's IRA. This deduction was equal to 15 percent of te compensation includible in petitioner's 1975 gross income. In the statutory notice, respondent disallowed this deduction in its entirety because it was determined that petitioner was an active participant in a qualified pension plan during 1975. Respondent also asserted the six percent excise tax pursuant to section 4973 for an excess contribution to an IRA. OPINION The first issue we must decide is whether petitioner is entitled to a deduction under section 219 in 1975 for a contribution he made to an IRA in that year. Section 219(a) allows an individual a deduction from gross income for cash contributions to an IRA. The amount of such deduction is limited to the lesser of $1,500 *544 or 15 percent of the individual's compensation includible in his gross income for the taxable year. Sec. 219(b)(1). Section 219(b)(2)(A) disallows any deduction under section 219(a) for the taxable year if the individual claiming the deduction was an "active participant" in a qualified pension under section 401(a) for any part of the year. While section 219 does not define the term "active participant," the report of the Ways and Means Committee states: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. * * * [H. Rept. No. 93-807 (1974), 1974-3 C.B. 236, 364 (Supp.)]. Thus, if petitioner was an "active participant" in the Commission's qualified pension plan during 1975, he is not entitled to deduct the contribution *545 he made to his IRA in that year. Petitioner argues that in 1975 his rights were forfeitable under the Commission's plan and when he withdraw from the plan in 1977 he gave up the right to receive any benefits from the Commission's plan. Petitioner concludes that he never actually participated in the Commission's plan and, therefore, he should be entitled to deduct his IRA contribution in 1975. In Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979), we held that the taxpayer was an "active participant" in a qualified pension plan even though the taxpayer's rights in the plan were forfeitable and, consequently, the taxpayer was not entitled to a deduction under section 219 for a contribution to an IRA. We are completely sympathetic with petitioner's position that on the facts of this case the law produces a harsh result, however, our decision in Orzechowski v. Commissioner, supra, is controlling here. Since petitioner was accruing benefits under the Commission's plan in 1975, even though these benefits were forfeitable, it is clear that during 1975 petitioner was an "active participant" in a *546 qualified pension plan within the meaning of section 219(b)(2)(A). We are therefore constrained to hold that petitioner is not entitled to a deduction in 1975 for the contribution he made to his IRA in that year. The second issue we must decide is whether petitioners are liable for the excise tax of six percent for an "excess contribution" to an IRA under section 4973. Section 4973(a) imposes an excise tax of six percent on an "excess contribution" to an IRA. Section 4973(b) provides that the amount contributed to an IRA in excess of the amount allowable as a deduction under section 219 constitutes an "excess contribution". Since we have held that petitioner was entitled to no deduction in 1975 under section 219, the entire contribution petitioner made to his IRA in 1975 constitutes an "excess contribution" within the meaning of section 4973(b). See Orzechowski v. Commissioner, supra, at 756. We must therefore hold that petitioners are liable for the six percent excise tax imposed by section 4973(a). To refect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. In addition to serving on the Commission, during 1975 petitioner operated his own sheet metal business under the name "Hollon Metal Works." ↩
3. Although the Stipulation of Facts indicates that the pension plan was administered by the Autauga County Board of Revenue and Control, this Board is now known as the Autauga County Commission and will be referred to as such in this opinion.↩