ELMER L. and GEORGIA PAVEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pavel v. Commissioner
Docket No. 11407-77.
United States Tax Court
T.C. Memo 1980-105; 1980 Tax Ct. Memo LEXIS 479; 40 T.C.M. (CCH) 76; T.C.M. (RIA) 80105; April 2, 1980, Filed Elmer L. Pavel, pro se. Stuart B. Kalb, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax *481 for the calendar year 1975 in the amount of $480.25. The issues for decision are (1) whether petitioner, Elmer L. Pavel, was an active participant in a qualified pension plan during 1975 so that his payments to an individual retirement account in that year were not deductible; and (2) whether petitioners are liable for the excise tax on excess contributions to an individual retirement account. All of the facts have been stipulated and are found accordingly. Petitioners, Elmer L. and Georgia Pavel, who resided in Longwood, Florida, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1975 with the Internal Revenue Service Center in Austin, Texas.
On January 1, 1973, Mr. Pavel (petitioner) became employed with the American Nurses Association (ANA) in Kansas City, Missouri, as a convention meeting manager in the association's convention department. His work involved arranging sites for meetings and managing the biannual business conventions for the association. Petitioner was 55 years old when he commenced employment with ANA. Throughout the period of his employment with ANA, petitioner was a regular, full-time, *482 salaried employee. ANA's Retirement Plan (the Plan) was adopted in 1953. The Plan was revised in 1972 and again in June 1974, the latter revision being described in Group Activity Contract No. 2013 GAC and issued by the John Hancock Mutual Life Insurance Company to the trustees of the Plan, effective June 1, 1974. During petitioner's period of employment with ANA, the Plan was determined to be a qualified pension plan under section 401, I.R.C. 1954, [1] pursuant to a determination letter issued by the Internal Revenue Service. All regular, full-time, salaried employees of ANA, such as petitioner, were automatically enrolled in the Plan, as it existed on June 1, 1974, on the first day of the month coincident with or next following the date that the following requirements were met: (1) He must have completed a 12-month period of employment or re-employment during which he has rendered no less than 1,000 hours of service. (2) He must have attained his 25th birthday. (3) He must not have attained his 60th birthday on the date of *483 employment. On June 1, 1974, petitioner had completed a 12-month period of employment during which he had rendered no less than 1,000 hours of service. On June 1, 1974, petitioner qualified for participation and was enrolled in the Plan. As of that date and throughout petitioner's period of employment with ANA, the ANA was obligated to contribute to or under the Plan on petitioner's behalf. Under the Plan, as revised in June 1974, the employee's rights were forfeitable until he completed five years of continuous service. During petitioner's period of employment with ANA, all contributions to the Plan were made by ANA; employees were not permitted to make any contributions from their own salary. ANA had no policy or practice to deliberately terminate employees before their rights in the Plan could vest. On or about May 6, 1977, petitioner terminated his employment with ANA and took a position with the Chamber of Commerce in Orlando, Florida. In 1975, petitioner paid $1,500 into an individual retirement account. Petitioners deducted that amount on their Federal income tax return for the calendar year 1975.Respondent in his notice of deficiency disallowed the deduction *484 and imposed an excise tax of $90 under section 4973.
Section 219(a)(1) allows a taxpayer to deduct certain amounts paid during the taxable year to an individual retirement account. Section 219(b)(2)(A)(i), however, specifically disallows the deduction if for any part of the taxable year the taxpayer was an active participant in a plan described in section 401(a). [2]
*485 As we pointed out in Orzechowski v. Commissioner, 69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979), section 219 does not define the term "active participant" but its meaning is made clear by the report of the Ways and Means Committee, H. Report. No. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 364, which states: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. * * * Petitioner argues that he was not an active participant in the Plan since there was nothing active about his participation therein as the word active is ordinarily used. He points out that his participation in the Plan was automatic because of his being an ANA employee, that the employer and not he made the contributions *486 and that his termination of employment automatically caused forfeiture of any rights he might have had in the Plan. Arguments similar to those of petitioner have been rejected by the Court. An active participant is one who accrues benefits under a qualified plan, even if those benefits are forfeitable and are in fact forfeited by termination of employment before any rights became vested. Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Guest v. Commissioner, 72 T.C. 768 (1979). Since we have concluded that during 1975 petitioner was an active participant in a plan described in section 401(a), it follows that because of the provisions of section 219(b)(2)(A)(i), petitioner is not entitled to a deduction under section 219(a)(1) for contributions in 1975 to an individual retirement account. Having decided that respondent properly disallowed petitioner's contribution to an individual retirement account, the $1,500 contribution made by petitioner in 1975 constitutes an excess contribution subject to the 6 percent excise tax imposed by section 4973(a). Orzechowski v. Commissioner, supra at 757. *487 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise stated.↩
2. Sections 219(a) and (b)(2)(A)(i) read as follows: SEC. 219. RETIREMENT SAVINGS. (a) Deduction Allowed.--In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a), (2) for an individual retirement annuity described in section 408(b), or (3) for a retirement bond described in section 409 (but only if the bond is not redeemed within 12 months of the date of its issuance). For purposes of this title, any amount paid by an employer to such a retirement account or for such a retirement annuity or retirement bond constitutes payment of compensation to the employee (other than a self-employed individual who is an employee within the meaning of section 401(c)(1)) includible in his gross income, whether or not a deduction for such payment is allowable under this section to the employee after the application of subsection (b). (b) Limitations and Restrictions.-- * * *
(2) Covered by certain other plans.--No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a)↩ which includes a trust exempt from tax under section 501(a),