ALAN C. ANDALMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Andalman v. Commissioner
Docket No. 2226-79.
United States Tax Court
T.C. Memo 1980-276; 1980 Tax Ct. Memo LEXIS 313; 40 T.C.M. (CCH) 773; T.C.M. (RIA) 80276; July 28, 1980, Filed Alan C. Andalman, pro se. John J. Morrison, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tex Court Rules of Practice and Procedure. [2] The Court agrees with and adopts his opinion which is set forth below. *315 OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioner's 1975 Federal income tax in the amount of $521. The issues for decision are (1) whether a contribution to an individual retirement account (IRA) in the amount of $1500 is deductible under section 219, and (2) whether petitioner is liable for the 6 percent excise tax imposed under section 4973 for excess contributions to an IRA. FINDINGS OF FACT A substantial amount of the facts have been stipulated and are found accordingly. The petitioner resided in Deerfield, Illinois at the time of filing his petition herein. Petitioner filed a timely joint Federal income tax return for the year 1975.[3]
Petitioner had been an employee of the Jewel Companies, Inc., Chicago, Illinois (Jewel) for approximately 15 years. Petitioner continued in the employ of Jewel during 1975 until August 15, 1975, at which time he terminated his employment. While employed at Jewel petitioner became qualified on June 8, 1966, to participate in the Jewel *316 Companies Retirement Estates profit sharing plan, on January 13, 1968, to participate in the Jewel Supplemental Retirement Trusts profit sharing plan, and on January 13, 1968, to participate in the Jewel Retirement Estates profit sharing plan.
Petitioner participated continuously in these plans until he terminated his employment on August 15, 1975. At all times the profit sharing plans were qualified profit sharing plans under section 401(a). Petitioner was an active participant in the plans during 1975 until his employment was terminated. Under the terms of the plans, Jewel was not obligated to make a contribution for any active participant during the year who was not an active participant of the plans on December 31 of such year. Petitioner was employed by The Great A&P Tea Company on August 18, 1975, and continued such employment throughout 1975. During 1975 petitioner was not an active participant of any qualified plan under section 401(a) of The Great A&P Tea Company. On December 27, 1975, petitioner established an IRA with the Deerfield Savings and Loan Association, Deerfiled, Illinois, as Trustee which met the requirements of section 408(a). Upon establishing the *317 IRA, petitioner made a $1500 contribution to the trustee of his IRA which was credited to his account. Petitioner claimed a deduction on his 1975 Federal income tax for the contribution to his IRA. OPINION At the trial of this case petitioner conceded that he was not entitled to a deduction for an IRA contribution. We concur in petitioner's observation. The facts are undisputed that petitioner was an active participant in the Jewel profit sharing plans during 1975 until he terminated his services. Even though the plans required a participant to be employed on December 31 to be entitled to a contribution for that year, an employee remained a participant until his services were terminated. The fact that the benefits may be subsequently forfeited does not classify the employee as a non-participant. Although section 219 does not define the term "active participant," we have concluded by reviewing the report of the Ways and Means Committee that such terms mean a participant in a plan who is accruing benefits even if those benefits are forfeitable. Orzechowski v. Commissioner, 69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979). As stated *318 above, petitioner did not seriously argue that he was entitled to a deduction under section 219 for his contribution to the IRA. However, petitioner does contend that the excise tax under section 4973 should not be imposed. Petitioner's argument is that since he was not entitled to establish an IRA it does not exist and consequently he could not have made an excess contribution as prescribed by section 4973(b). Petitioner confuses the establishment of an IRA and contributions to an IRA. Petitioner properly established an IRA under section 408(a) with the Deerfield Savings and Loan Association and respondent has not contended otherwise. Petitioner did make a $1500 contribution on December 27, 1975, to the IRA. Section 219 does not preclude establishing an IRA while an active participant in a qualified pension or profit sharing plan, but it does preclude a contribution to the IRA. As defined in section 4973(a) petitioner made an excessive contribution to his IRA. Accordingly, the 6 percent penalty imposed under section 4973(a) by respondent was proper. See Orzechowski v. Commissioner, supra at 756. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioner filed a joint income tax return with his spouse, Jackie B. Andalman, who did not file a petition in this Court.↩