HAROLD R. AND MARION J. LIGHTWEIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lightweis v. Commissioner
Docket No. 16652-79.
United States Tax Court
T.C. Memo 1980-290; 1980 Tax Ct. Memo LEXIS 293; 40 T.C.M. (CCH) 847; T.C.M. (RIA) 80290; August 4, 1980, Filed Harold R. Lightweis, pro se. Donna F. Herbert, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Francis J. Cantrel, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent, in his notice of deficiency dated September 17, 1979, determined a deficiency of $264.79 in petitioners' Federal income tax *295 for the year 1975 and he also imposed an excise tax deficiency of $90 on "excess contributions" made to the individual retirement account ("IRA") of Harold R. Lightweis ("petitioner") under the provisions of section 4973. There are two issues for decision--(1) whether petitioners are entitled to a deduction of $1,500 for a contribution to an IRA under section 219 and (2) whether petitioners are liable for an excise tax of six percent (i.e., $90) for an "excess contribution" to an IRA under section 4973. FINDINGS OF FACT The facts have been substantially stipulated and are found accordingly. Petitioners resided at 126 E. Crescent Avenue, Mahwah, New Jersey, on December 6, 1979, the date they filed their petition herein. They timely filed a joint 1975 Federal ncome tax return with the Internal Revenue Service. On that return they claimed a deduction of $1,500 for a contribution made to an IRA. Petitioner was an employee of K.D.I. Sylvan Pools, Inc. ("K.D.I.") from 1964 until June 1975. During the portion of the year 1975 in which petitioner was employed by K.D.I. he was covered by a plan described in section 401(a). [3] Contributions were made into the plan by K.D.I. *296 and petitioner until the latter terminated his employment in June 1975. When petitioner left the employ of K.D.I., all funds which he contributed to the plan were refunded to him. In December 1975 petitioner personally established an IRA at the Columbia Savings and Loan Association at Fairlawn, New Jersey, at which time he made a contribution to that account of $1,500. Petitioner was covered by or included in K.D.I.'s plan in 1975. OPINION Petitioner, in essence, maintains that he was not an "active participant" in K.D.I.'s plan in 1975 and that when he established an IRA he was not covered by a retirement program and, therefore, his contribution to the IRA "* * * was a legal contribution to -- toward my retirement, my wife and my old age." Respondent, on the other hand, contends that petitioner was covered by a qualified pension plan for a portion of 1975 and, accordingly, petitioners are not entitled to the disputed deduction. We agree with respondent. Generally, section 219(a) allows a deduction from gross income for cash contributions made to an IRA.However, section 219(b)(2) *297 states in pertinent part: No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) * * *. [Emphasis added.] Section 219 does not advise us as to what an "active participant" means. Nonetheless, we are aided in that respect by the report of the Ways and Means Committee of the U.S. House of Representatives which relates: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. * * * H. Rept. 93-807, 93d Cong., 2d Sess., 1974-3 C.B. (Supp.) 236, 364. [4]
*298 The record herein shows beyond doubt that petitioner was an employee included in K.D.I.'s plan during 1975 and, hence, an active participant in its qualified plan for at least some part of that year. Petitioners, therefore, are not entitled to deduct the IRA contribution made in that year. [5]
Section 4973 imposes an excise tax of six percent on any "excess contributions" made during the taxable year to an IRA. Since under section 219, as applicable in 1975, petitioner was entitled to no deduction, the entire contribution was in excess of the amount deductible for that year and, consequently, on the facts *299 extant in this case, the six percent excise tax is clearly applicable. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that Rule are not applicable to this case.
3. Sec. 401(a) pertains to qualified pension, profit sharing, and stock bonus plans.↩
4. We note that on March 23, 1979, the Internal Revenue Service, upon completion of its reconsideration of its regulations defining an "active participant", issued revised proposed regulations (44 Fed. Reg. 17754↩) defining the term "active participant" for those individuals who participate in retirement plans described in section 219(b)(2).The provisions of those regulations, which are not final, are effective for taxable year beginning after December 31, 1978.
5. See Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979), where such deduction was not allowed; Guest v. Commissioner,72 T.C. 768 (1979); Pervier v. Commissioner,T.C. Memo. 1978-410, where a deduction was denied to an IRA contributor under section 219 because he became an active participant in a qualified plan on th elast day of the taxable year; Goldstein v. Commissioner,T.C. Memo. 1978-480; Foulkes v. Commissioner,T.C. Memo. 1978-498↩.