MORRIS PITTINSKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pittinsky v. Commissioner
Docket No. 10283-78.
United States Tax Court
T.C. Memo 1980-339; 1980 Tax Ct. Memo LEXIS 247; 40 T.C.M. (CCH) 1069; T.C.M. (RIA) 80339; August 26, 1980, Filed Morris Pittinsky, pro se. Shlomo A. Beilis, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $130.56 in petitioner's 1975 Federal income tax. The issues for decision are whether petitioner is entitled to a deduction for a contribution to an individual retirement account (IRA) during 1975 and whether he is liable for the excise tax of six percent that is imposed on excess contributions to an IRA. All of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York, New York, at the time the petition herein was filed. He filed his Federal income tax return on a cash basis for the calendar year 1975 with the Internal Revenue Service Center at Holtsville, New York. From January 1975 to June 1975, petitioner was employed by the United Jewish Appeal of Greater New York, Inc. Petitioner *249 was not covered byf any retirement plan of that organization. On November 3, 1975, petitioner commenced employment as a full-time bank teller with The Chase Manhattan Bank, N.A., New York, New York (hereinafter "Chase") and immediately became an active participant in the Chase Retirement and Family Benefits Plan (hereinafter "the Chase Plan"), which is a qualified plan under Section 401(a). [1]
The Chase Plan, which is a "defined benefit" plan (see section 414(j)), is operated on a calendar year basis. Under its terms, a portion of an employee's retirement benefit is accrued for each year of service; however, an employee's right to benefits under the plan is not vested until he has completed 10 years of service. Membership in the plan terminates upon termination of employment with Chase, if at that time the employee is not entitled to a current or deferred benefit. In 1975, petitioner paid $476 into an IRA with Dime Savings Bank of New York. Respondent disallowed a deduction in that amount claimed by petitioner on his 1975 return *250 and imposed a six-percent penalty for an excess contribution to an IRA, on the ground that petitioner was covered by a qualified pension plan during 1975. Section 219(a) allows an individual a deduction for cash contributions to an IRA. Section 219(b)(2), however, provides in pertinent part: No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year -- (A) he was an active participant in -- (i) a plan described in section 401(a) * * * Petitioner clearly falls within the foregoing provision. He was an active participant in the Chase Plan, even though he did not participate for the full year and his rights were forfeitable, and the Chase Plan is one described in section 401(a). Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Johnson v. Commissioner,     F.2d     (7th Cir. March 24, 1980, 45 AFTR 2d 80-1149, 1980-1U.S.T.C. par. 9313) affg. per curiam a Memorandum Opinion of this Court; Guest v. Commissioner, 72 T.C. 768 (1979). [2]
*251 Since no portion of petitioner's contribution tof the IRA in 1975 was deductible, the entire amount was an excess contribution subject to the six-percent excise tax imposed by Section 4973. Orzechowski v. Commissioner, supra.
Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect in the taxable year at issue, unless otherwise indicated.↩
2. See also Lightweis v. Commissioner, T.C. Memo 1980-290; Hollon v. Commissioner, T.C. Memo 1980-47; Cooper v. Commissioner, T.C. Memo 1979-256; Pervier v. Commissioner, T.C. Memo 1978-410↩.