ROBERT M. AND SUSAN B. HEALD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heald v. Commissioner
Docket No. 853-79.
United States Tax Court
T.C. Memo 1980-377; 1980 Tax Ct. Memo LEXIS 203; 40 T.C.M. (CCH) 1210; T.C.M. (RIA) 80377; September 15, 1980, Filed *203 Held: Petitioner, an active (even though his interest not vested) participant in a sec. 401 qualified pension plan, liable for sec. 4973 excise tax. Robert M. Heald, pro se. R. Alan Lockyear, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated November 6, 1978 respondent determined a deficiency in income taxes due from petitioners for their taxable year ended December 31, 1976 in the amount of $273. In addition respondent determined a deficiency in excise tax under section 4973 (excess contribution to an individual retirement account) for the same taxable year in the amount of $180. Petitioner has conceded the claimed deficiency in income tax and contests only the deficiency in claimed excise tax. The conceded adjustment in income has an automatic collateral effect on petitioner's medical expense deduction.
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Robert M. and Susan B. Heald filed a timely return of income, on the cash basis, with the Internal Revenue Service. At the time the petition *204 herein was filed petitioners resided in Ogden, Utah. As petitioner Susan B. Heald is a party hereto solely by virtue of having filed jointly with her husband, petitioner as used herein shall refer to Robert M. Heald. In 1975 and 1976 petitioner was employed as a commercial artist and teacher by the Peavey Company. During both these years petitioner was a participant in the Peavey Company's pension plan which plan was qualified under section 401, I.R.C. 1954. While petitioner was accruing benefits under the plan, he did not have a vested interest in these benefits. Petitioner contributed $1,500 to an individual retirement account (I.R.A.) for each of his taxable years 1975 and 1976. During these years he made no withdrawals from this account. OPINION In his notice of deficiency respondent disallowed all $1,500 of petitioner's I.R.A. contribution for 1976. He also claimed a section 4973 excise tax based cumulatively upon petitioner's I. R.A. contribution for both 1975 and 1976. Section 219(a) allows a deduction from gross income for cash contributions to an I.R.A. [1] Section 219(b)(2) disallows any deduction under section 219(a) for any taxable year in which the individual *205 claiming the deduction was an active participant in a qualified pension plan.Section 4973 imposes an excise tax of 6 percent on any "excess contribution" to an I.R.A. [2] *206 *207 Applying the principles described in section 4973(b), it is clear that petitioner's "excess contribution" for the year 1976 is the sum of his contribution to the I.R.A. for 1975, section 4973(b)(1), plus the amount of his contribution for the previous taxable year (1975), section 4973(b)(2), or $3,000. Petitioner argues that he was not an "active participant" of Peavey Company's pension plan within the meaning of section 219(b) because he had no vested interest in the plan, even though he was accumulating benefits thereunder. Section 219 does not define the term "active participant." The Report of the Committee on Ways and Means provides, however, as follows: * * * Your committee intends that the deduction for retirement savings (and contributions to individual retirement accounts, etc.) generally is to be available only where an individual does not participate in any other tax-supported retirement plan. * * * Generally * * * an employee is to be considered an active participant in a plan if, for the year in question, benefits are accrued under the plan on his behalf (as in a defined benefit pension plan), the employer is obligated to contribute to the plan on the employee's behalf (as in a money purchase pension plan), and the employer would have been obligated to contribute to the plan on the employee's behalf *208 if any contributions were made to the plan (as in a profit-sharing plan). An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive taxsupported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. [Emphasis added.] H.R. 93-807, p. 128-129 (1974), 1974-3 C.B. (Supp.) 236, 363-364; see Orzechowski v. Commissioner, 69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Clearly petitioner was an "active participant" within the meaning of section 219 during the years 1975 and 1976. Thus, the entire amounts contributed for those 2 years were "excess contributions" within the meaning of section 4973. At trial petitioner testified that he had "filed an amended return and withdrew my money from my I.R.A. account." No withdrawal occurred during the years before us. See section 4973(b)(2). Whatever amended *209 returns petitioner might have filed were not in the record.We need not, therefore, reach the issue of the effect, if any, amended returns would have on the section 4973 excise tax. See in general, Guest v. Commissioner, 72 T.C. 768 (1979). Decision will be entered for the Respondent. Footnotes
1. During the taxable years before the Court sec. 219 provided in relevant part as follows: SEC. 219. RETIREMENT SAVINGS. (a) Deduction Allowed.--In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a) (b) Limitations and Restrictions.-- (2) Covered by certain other plans.--No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in -- (i) a plan described in section 401(a)↩ which includes a trust exempt from tax under section 501(a) * * *. 2. During the taxable year before us sec. 4973 read in relevant part as follows: SEC. 4973. TAX ON EXCESS CONTRIBUTIONS TO INDIVIDUAL RETIREMENT ACCOUNTS, CERTAIN SECTION 403(b) CONTRACTS, CERTAIN INDIVIDUAL RETIREMENT ANNUITIES, AND CERTAIN RETIREMENT BONDS. (a) Tax Imposed.--In the case of-- (1) an individual retirement account (within the meaning of section 408(a)), (3) * * * there is imposed for each taxable year a tax in an amount equal to 6 percent of the amount of the excess contributions to such individual's accounts * * * (b) Excess Contributions.--For purposes of this section, in the case of individual retirement accounts, individual retirement annuities, or bonds, the term "excess contributions" means the sum of-- (1) the excess (if any) of-- (A) the amount contributed for the taxable year to the accounts * * * over (B) the amount allowable as a deduction under section 219 for such contributions, and (2) the amount determined under this subsection for the preceding taxable year, reduced by the excess (if any) of the maximum amount allowable as a deduction under section 219 for the taxable year over the amount contributed to the accounts or for the annuities or bonds for the taxable year and reduced by the sum of the distributions out of the account (for all prior taxable years) which were included in the gross income of the payee under section 408(d)(1). * * *