ALEX A. MORALES-CABAN AND CALVI E. PABON-NADAL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morales-Caban v. Commissioner
Docket No. 8671-91
United States Tax Court
T.C. Memo 1993-466; 1993 Tax Ct. Memo LEXIS 476; 66 T.C.M. (CCH) 995; October 5, 1993, Filed *476 Alex A. Morales-Caban and Calvi E. Pabon-Nadal, pro sese. For respondent: Harris L. Bonnette, Jr.
PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' 1987 and 1988 Federal income taxes of $ 3,623 and $ 2,637, respectively. After concessions by both parties, the sole issue for our decision is whether petitioners may deduct contributions that each of them made to their respective Individual Retirement Account (hereinafter IRA) for 1987 and 1988. Some of the facts have been stipulated and are so found. Alex A. Morales-Caban and Calvi E. Pabon-Nadal are husband and wife and timely filed joint income tax returns for 1987 and 1988. Both of them are physicians. They resided in Florida at the *477 time they filed their petition. During the years in issue, petitioners served as full-time active duty officers with the United States Air Force (hereinafter Air Force). They both hold the rank of lieutenant colonel. They began their military service in 1979 at Howard Air Force Base, Panama, and, since 1985, have been assigned to Eglin Air Force Base, Fort Walton Beach, Florida. In their capacity, petitioners were eligible for promotion every 3 to 4 years and, whether or not promoted, usually are given an option to continue their service by signing a contract for a specified time period. Petitioner Pabon-Nadal's most recent contract expires on August 31, 1994. Petitioner Morales-Caban's contract expires on May 31, 1999. Neither petitioner is guaranteed employment until retirement. On their joint income tax returns, petitioners reported adjusted gross income of $ 76,023 and $ 89,162 for 1987 and 1988, respectively. They each contributed $ 2,000 per year to their respective IRA's. They deducted a total of $ 4,000 for IRA's on their joint income tax returns for each of the years in issue. On the notice of deficiency, respondent determined that petitioners were not entitled *478 to their claimed IRA deductions because they were active participants in the Air Force's retirement plan. Petitioners argue that their IRA deductions are allowable because the Air Force did not maintain a retirement plan within the meaning of section 401(a), and they were not active participants in such a plan during the years in issue. In general, a taxpayer is entitled to deduct the amount he contributes to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The contribution for any taxable year may not exceed the lesser of an amount equal to the compensation includable in the taxpayer's gross income or $ 2,000. Sec. 219(b)(1). The maximum amount that may be deducted is further limited where the taxpayer or the spouse of a taxpayer was an active participant in a retirement plan qualified under section 401(a) or a plan established for its employees by the United States or by an agency or instrumentality of the United States. Sec. 219(g)(1), (5). In such case, the contribution to the IRA is reduced by a limitation computed under section 219(g)(2) and (3). This limitation results in total disallowance of the IRA deduction when the total adjusted gross income reported on *479 a joint income tax return exceeds $ 50,000. Sec. 219(g)(2) and (3); Felber v. Commissioner, T.C. Memo. 1992-418, affd. 998 F.2d 1018 (8th Cir. 1993). Petitioners first contend that, because the retirement benefits provided by the Air Force do not constitute a retirement plan as described in section 401(a), their deduction is not limited by section 219(g). They argue that Air Force retirement benefits are not a "trust" created by "an employer for the exclusive benefit for his employees or their beneficiaries" but, rather, a "gift given to people when they reach 20 years." However, section 219(g) does not impose limitations solely on retirement plans qualified under section 401(a); it also applies to retirement plans established for employees of the United States. Sec. 219(g)(5)(A)(iii). The Air Force provides retirement benefits to its employees under a plan established by Congress. Foster v. Commissioner, T.C. Memo. 1978-441. Therefore, the provisions of section 219 apply to qualified employees of the Air Force. Nevertheless, petitioners also contend that they were not active participants *480 in such a plan because their retirement benefits are contingent on their completing 20 years of active service. Officers in the Air Force are eligible for retirement benefits only after they have completed 20 years of active military service of which at least 10 years must be active commissioned service. At trial, petitioners expressed doubt that they will ever reach retirement given the present "downsizing" of the military. However, the Code provides that "The determination of whether an individual is an active participant shall be made without regard to whether or not such individual's rights under a plan * * * are nonforfeitable." Sec. 219(g)(5); see H. Rept. 93-807 (1974), 1974-3 C.B. (Supp.) 364. Therefore, a taxpayer is considered an active participant whether his rights under the plan are vested or are forfeitable. Orzechowski v. Commissioner, 69 T.C. 750, 754 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Wartes v. Commissioner, T.C. Memo. 1993-84; Van Sant v. Commissioner, T.C. Memo. 1984-535. Consequently, petitioners were active *481 participants in the Air Force retirement plan during the years in issue even though they may never receive any retirement benefits from the Air Force. Summarizing then, we find that petitioners were active participants in a retirement plan established for Air Force personnel. Such plan constitutes one established by the United States for its employees. Sec. 219(g)(5)(A)(iii). As active participants in such a plan, petitioners may not deduct their IRA contributions for 1987 and 1988 because their adjusted gross income for each of those years exceeded $ 50,000. Sec. 219(g)(1) and (2). We so hold. Because of concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩