T.C. Summary Opinion 2003-103

UNITED STATES TAX COURT

SANTOS M. AND INGRID I. CASTILLO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4698-02S.               Filed July 24, 2003.

Santos M. and Ingrid I. Castillo, pro se.

Vivian N. Rodriguez, for respondent.

COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,669 in petitioners'
1999 Federal income tax.

_____

[1]   Unless otherwise indicated, section references
hereafter are to the Internal Revenue Code in effect for the year
at issue.

After concessions by petitioners, the sole issue for decision is whether petitioners are entitled to a deduction under section 219(a) for an individual retirement account (IRA) contribution of $2,000 by Santos M. Castillo (petitioner) for the year 1999.[2]

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Miami, Florida.

During the year at issue, petitioner was employed as an automobile salesman by Carmax. He began his employment with Carmax sometime during 1998 and terminated his employment with that employer on August 22, 1999, because of his need to have several surgeries. He worked approximately 1-1/2 years with Carmax. As an employee of Carmax, petitioner was an active participant in two Circuit City Stores, Inc., retirement plans: the Retirement Plan of Circuit City Stores, Inc., and the Circuit City Stores, Inc. 401K Plan.[3] At the time petitioner's employment with Carmax terminated on August 22, 1999, petitioner

---

[2] At trial, petitioners conceded unreported interest income of $362 and unreported self-employment income of $2,500.

[3] Circuit City Stores, Inc., is believed to be the parent company of Carmax.

was not vested in either of the plans, nor is he entitled to future benefits from either of the plans.[4]

Petitioners filed a timely joint Federal income tax return for 1999 in which they reported total income of $64,776.  With the two unreported income items conceded by petitioners, their total income for 1999 was $67,638.

On their 1999 tax return, petitioners claimed a deduction of $4,000 for an IRA contribution of $2,000 by petitioner and an IRA contribution of $2,000 by petitioner Ingrid I. Castillo.  In the notice of deficiency, respondent disallowed the $2,000 IRA contribution deduction by petitioner[5] on the ground that petitioner was an active participant in his employer's qualified plans, and petitioners' joint income for 1999 exceeded the limitations of section 219(g)(2) and (3) allowing an active participant in a qualified plan to contribute to an IRA.

In general, a taxpayer is entitled to deduct the amount of a contribution to an IRA.  Sec. 219(a).  The amount of an allowable IRA deduction is provided under section 219(b)(1) and is subject to a limitation under section 219(g) where the taxpayer is, for any part of the taxable year, an "active participant" in a

----

[4]    The record does not indicate that petitioner made any contributions to the plans.

[5]    Respondent agreed that the IRA contribution by petitioner Ingrid I. Castillo was allowable, and no adjustment was made in the notice of deficiency with respect to that contribution.

qualified pension plan. In such a case, for married taxpayers who file a joint return, the deduction allowable with respect to either spouse is reduced under a formula prescribed in section 219(g)(2) and (3). That formula generally provides for a phase-out of the deductible amount of the IRA where, for the year 1999, the joint income of the taxpayers exceeds $61,000. Felber v. Commissioner, T.C. Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993). In this case, petitioners' joint income (after their concession of unreported income) totaled $67,638. Under the statutory formula cited, petitioner is not entitled to an IRA deduction for 1999.

Petitioner's sole contention is that, because he was not vested in the two plans of his former employer, and his amounts in those plans were forfeited when he terminated his employment, he will never receive any benefits from those plans, and, therefore, he should be allowed a deduction for his IRA contributions for 1999. The answer to that argument is that petitioner was nonetheless an active participant in the two plans of his former employer. He was an active participant because contributions were made to his accounts in the two plans by his former employer. The mere fact that his accounts in these plans were forfeited when his employment terminated, and that he was not vested when his employment terminated, does not change his status as an active participant. Sec. 219(g)(5). A taxpayer is

considered an active participant whether or not his rights under a plan are vested or forfeited.  Orzechowski v. Commissioner, 69 T.C. 750, 754 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Therefore, because petitioner was an active participant in his former employer's plans during 1999, the claimed IRA deduction for 1999 is not allowable.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.