DAVID C. MARSH AND ELIZABETH F. MARSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marsh v. Commissioner
Docket No. 11295-78.
United States Tax Court
T.C. Memo 1980-193; 1980 Tax Ct. Memo LEXIS 393; 40 T.C.M. (CCH) 429; T.C.M. (RIA) 80193; June 2, 1980, Filed David C. Marsh, pro se. Kristine Roth, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This *394 case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $539.73 and determined an excise tax liability under section 4973(a) of $90. The issues are (1) whether petitioner David C. Marsh is entitled to a deduction of $1,500 under section 219 for his contribution to an Individual Retirement Accourt (IRA) and (2) whether he is liable for the six percent excise tax imposed by section 4973(a) *395 on "excess contributions" to an IRA. FINDINGS OF FACT Most of the facts in this case were stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners timely filed their income tax return for the taxable year 1975 with the Internal Revenue Service Center in Cincinnati, Ohio. At the time the petition herein was filed, petitioners were residents of Chagrin Falls, Ohio. Petitioner Daiv C. Marsh (hereinafter petitioner) was employed by Stock Equipment Co. during part of the taxable year 1975. As an employee of that company, petitioner was covered by a qualified pension plan. As part of his 1975 return, petitioner filed wage and tax statements from Stock Equipment Co. which stated that petitioner was covered by a qualified pension plan. During the remainder of 1975 petitioner was employed by TRW, Inc. but was not covered by a qualified pension plan. Attached to petitioner's return was a Form 5329 (Return for Individual Retirement Savings Arrangement). That shows "X's" in both the "yes" and "no" boxes asking whether he was an active participant. Although the 1,500 deduction was shown on lines 40b and 14 of *396 the return, the sum was not subtracted from line 13 to reach Adjusted Gross Income on line 15. Instead petitioner claimed the IRA adjustment on Form 843 (a claim for refund) which was also attached to his return. He testified that he followed this procedure because he was confused as to the status of the IRA and filed the claim to receive the tax savings if the IRA was acceptable. Petitioners received a refund from respondent which included an amount attributable to the claim made on the Form 843. On audit, respondent disallowed the IRA deduction and imposed the six percent excise tax under section 4973(a) on the "excess contributions" of $1,500. Under section 213 respondent also made a $45 statutory adjustment for the net medical expense deduction. OPINION Section 219(a) allows a taxpayer to deduct certain amounts paid during the taxable year to an IRA. However, section 219(b)(2)(A)(iv) specifically disallows the deduction "if for any part of such year", the taxpayer was "an active participant" in various types of plans, including a qualified plan. Petitioner argues that he was not an active participant in the Stock Equipment Co. qualified plan since there was nothing *397 active about his participation therein. He points out that the employer made the contributions, that he contributed nothing, that he had no vested rights to the employer contributions, and that his termination of employment automatically caused forfeiture of any rights he might have had in the plan. Arguments similar to those of petitioner have been rejected by the Court. An active participant is one who accrues benefits under a qualified plan, even if those benefits are forfeitable and are in fact forfeited by termination of employment before any rights became vested. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd 592 F.2d 677 (2d Cir. 1979); Guest v. Commissioner,72 T.C. 768 (1979). That same result has been reached in a series of memorandum opinions, where the Court has found that the taxpayer was "an active participant" in a qualified plan for some part of the year. See, Alexander v. Commissioner,T.C. Memo. 1980-71 and the list of cases cited. As an employee of Stock Equipment Co. petitioner was covered by a qualified pension plan for part of 1975. Under the terms of section 219(b)(2)(A), he is *398 not entitled to a deduction for his contribution to an IRA. Orzechowski v. Commissioner,supra;Guest v. Commissioner,supra.
Section 4973 imposes an excise tax of six percent on "excess contributions" made to an IRA during the taxable year. Since petitioner is not entitled to a deduction under section 219 for his contribution of $1,500 to an IRA, it follows that this entire amount is an excess contribution subject to the excise tax imposed by section 4973. Orzechowski v. Commissioner,supra.
It may well be, as petitioner asserts, that there is some congressional support for amending the law in connection with the deduction of contributions made to an IRA. That is a matter for future action by the Congress. In the meanwhile, we must follow the law as presently enacted. Accordingly, we have no choice but to sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.