BRYSON R. YOUNGER and DOROTHY H. YOUNGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
YOUNGER v. COMMISSIONER
Docket No. 11057-78.
United States Tax Court
T.C. Memo 1980-421; 1980 Tax Ct. Memo LEXIS 162; 40 T.C.M. (CCH) 1354; September 23, 1980, Filed Bryson R. Younger, pro se. Paul K. Voelker, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency for petitioners' calendar year 1975 in their income tax in the amount of $105 and in the excise tax imposed by section 4973, I.R.C. 1954, [1] in the amount of $23.10. At *164 the trial, petitioners conceded the income tax deficiency of $105, leaving for our decision only whether petitioners are liable for the 6 percent excise tax imposed by section 4973. Most of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in St. Louis, Missouri, at the time of filing their petition in this case, filed a joint Federal income tax return for the calendar year 1975 with the Internal Revenue Service Center at Kansas City, Missouri. During 1975, Dorothy H. Younger (petitioner) was employed by Sears, Roebuck and Company and became eligible to participate in that company's profit-sharing plan in mid-November 1975. During the entire year 1975, the profit-sharing plan of Sears, Roebuck and Company was a qualified plan within the meaning of section 401. Petitioner elected to be covered by that plan on the first date on which she became eligible for such coverage, which was in November 1975. In 1975, petitioner contributed $17 to the plan and her employer was obligated *165 to, and did, contribute $6.27 on her behalf to the plan in the year 1975. During 1975, petitioner received wages from her employment by Sears, Roebuck and Company in the amount of $2,916.25, of which $2,568 was for earnings prior to the time she became eligible to participate in the employees' profit-sharing plan and $348 was for earnings subsequent to the time she became eligible to participate in that plan. Prior to the end of the calendar year 1975, petitioner established an Individual Retirement Account with the St. Louis Federal Savings and Loan Association to which she contributed $385.20. The amount she contributed was calculated by petitioner as being 15 percent of her earnings during 1975 prior to the effective date of her enrollment in her employer's profit-sharing plan. On petitioners' 1975 joint income tax return, they deducted the amount of $385 as payment to an individual retirement arrangement. Respondent in his notice of deficiency disallowed the claimed deduction of $385 on the ground that petitioner was an active participant for a part of the taxable year 1975 in a qualified profit-sharing plan established by her employer. Respondent further determined that *166 the $385 was an excess contribution to an Individual Retirement Account subject to a 6 percent excise tax under section 4973. The facts in this case are in substance indistinguishable from the facts in Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Guest v. Commissioner,72 T.C. 768 (1979); and numerous Memorandum Opinions of this Court following those cases. Petitioners recognize that this Court has consistently held contrary to the position they take in this case. They argue, however, that these holdings are contrary to the last sentence of section 4973(a) and that none of the cases decided by this Court specifically discuss the provision of that sentence. The last sentence of section 4973(a) as applicable to the year 1975, which is the year here involved, states: "The tax imposed by this subsection shall be paid by such individual." [3] The sentence to which petitioners refer as the last sentence of section 4973(a) reads as follows: *167 The tax imposed by this subsection shall be paid by the individual to whom a deduction is allowed for the taxable year under section 219 (determined without regard to subsection (b)(1) thereof) or section 220 (determined without regard to subsection (b)(1) thereof), whichever is appropriate. This provision is the last sentence of section 4973(a) as presently contained in the Code. It was substituted for the sentence "The tax imposed by this subsection shall be paid by such individual" by the Tax Reform Act of 1976, Pub. L. 94-455, section 1501(b)(8)(A). Section 1501(d) of Pub. L. 94-455 provides that the amendment made by section 1501(b)(8)(A) is effective for taxable years beginning after December 31, 1976. Clearly, the sentence on which petitioners rely, which requires payment of the tax imposed by section 4973(a) to be by the individual to whom a deduction is allowed for the taxable year under section 219, is not applicable to the year 1975, which is the year involved in the instant case. The prior cases of this Court dealing with the applicability of section 4973(a) to payment by individuals to retirement plans under circumstances similar to the facts in this case all *168 dealt with years which began prior to December 31, 1976. Since the last sentence of section 4973(a) as it now appears in the Code is not applicable to the year involved in this case, we have not considered and do not pass upon any of the contentions made by petitioners with respect to the proper interpretation of that sentence of the Code. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect in the year in issue.↩
3. Section 4973(a) as applicable to the year 1975 provides as follows: SEC. 4973. TAX ON EXCESS CONTRIBUTIONS TO INDIVIDUAL RETIREMENT ACCOUNTS, CERTAIN SECTION 403(b) CONTRACTS, CERTAIN INDIVIDUAL RETIREMENT ANNUITIES, AND CERTAIN RETIREMENT BONDS. (a) Tax Imposed.--In the case of-- (1) an individual retirement account (within the meaning of section 408(a)). (2) an individual retirement annuity (within the meaning of section 408(b)), a custodial account treated as an annuity contract under section 403(b)(7)(A)(relating to custodial accounts for regulated investment company stock), or (3) a retirement bond (within the meaning of section 409), established for the benefit of any individual, there is imposed for each taxable year a tax in an amount equal to 6 percent of the amount of the excess contributions to such individual's accounts, annuities, or bonds (determined as of the close of the taxable year). The amount of such tax for any taxable year shall not exceed 6 percent of the value of the account, annuity, or bond (determined as of the close of the taxable year). In the case of an endowment contract described in section 408(b), the tax imposed by this section does not apply to any amount allocable to life, health, accident, or other insurance under such contract. The tax imposed by this subsection shall be paid by such individual.↩