GWENNETH JOYCE ELLOR and JAMES VICTOR ELLOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellor v. Commissioner
Docket No. 2618-80.
United States Tax Court
T.C. Memo 1981-148; 1981 Tax Ct. Memo LEXIS 593; 41 T.C.M. (CCH) 1184; T.C.M. (RIA) 81148; 2 Employee Benefits Cas. (BNA) 1171; March 30, 1981. James Victor Ellor, pro se. Antonio R. Espinosa, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, *594 Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $ 675 and an excise tax liability of $ 90. The only issues for decision are: (1) Whether petitioners are entitled to a deduction in the amount of $ 1,500 for a contribution to an individual retirement account (IRA), under section 219; and (2) whether petitioners are liable for an excise tax imposed in the amount of six percent of that *595 contribution (i.e., $ 90), under section 4973. FINDINGS OF FACT Most of the facts in this case were stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners filed a timely Federal joint income tax return for the year 1976. At the time the petition herein was filed, they resided at 29 Burningtree Lane, Lawrenceville, New Jersey. From November 1975 through May 1979, petitioner James Victor Ellor (hereinafter referred to as petitioner) was employed by the Heyward-Robinson Company, Inc. (Heyward-Robinson). Heyward-Robinson did not maintain a trust that was part of a plan described in section 401(a) for the benefit of its employees for the taxable year 1975. During that year petitioner established an IRA and made a timely contribution to it in the amount of $ 1,500, for which he was duly allowed a deduction on his 1975 tax return. Heyward-Robinson adopted a defined benefit pension plan that met the requirements of section 401(a), for the taxable year 1976. The plan was noncontributory. It provided that each employee of Heyward-Robinson as of January 1, 1976, who was not a participant in any other qualified *596 pension plan to which Heyward-Robinson contributed, would become an active member in the plan as of that date. Petitioner, therefore, automatically became an active member in the plan as of January 1, 1976. Under the plan, an employee would not have a nonforfeitable right to his accrued benefits until he completed 10 years of service. Petitioner was 57 years old on January 1, 1976. Under the plan, he would not be entitled to receive a retirement benefit until he attained his "normal retirement date." The term normal retirement date is defined, in the plan, as "the last day of the month on or after" one attains the age of 65 and completes 10 years of service with Heyward-Robinson. No employee was entitled to continue his employment with Heyward-Robinson beyond his normal retirement date unless it authorized him to do so. Petitioner's employment with Heyward-Robinson was terminated in May 1979, before he completed 10 years of service, because the final project of which he was manager was completed at that time. For the taxable year 1976, petitioner made a timely contribution in the amount of $ 1,500 to his IRA and claimed a deduction for such contribution on his tax return. *597 Respondent disallowed the deduction. OPINION It is respondent's position that, in 1976, petitioner was an active participant in a pension plan described in section 401 and was, accordingly, not entitled to a deduction for amounts paid to an IRA, under section 219. In general, section 219(a) allows a deduction for cash contributions made to an IRA. Section 219(b)(2)(A)(i) provides, however, that an individual is not entitled to a deduction for a contribution to an IRA for a taxable year in which he was an active participant in a plan described in section 401(a) for any part of that year. Petitioner contends that he was not an active participant in his employer's plan because it provided that an employee's right to work past age 65, and, thus, the full 10 years required for his right to a retirement benefit to become vested, was subject to authorization by Heyward-Robinson. In fact, the plan does provide that an employee's right to work beyond his normal retirement date is subject to authorization by Heyward-Robinson. However, any employee who reaches his normal retirement date will, by definition, have completed the 10 years of service required to have a nonforfeitable *598 right to his retirement benefits. This Court has previously recognized that, according to the pertinent legislative history, an individual is an active participant in a plan if he is accruing benefits under the plan, although he has only forfeitable rights to those benefits. See Orzechowski v. Commissioner, 69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979), in which the legislative history of section 219, including H. Rept. No. 93-807, 93d Cong., 2d Sess. (1974), 1974-3 C.B. (Supp.) 236, 364, is reviewed and analyzed. We conclude that, in 1976, petitioner was an active participant in the qualified pension plan established by Heyward-Robinson and was, therefore, not entitled to a deduction for the contribution made to the IRA, under section 219. Section 4973 imposes an excise tax of six percent on "excess contributions" to an IRA. Since petitioner is not entitled to a deduction for the year 1976, under section 219, his entire contribution made to the IRA for that year constitutes an excess contribution. See Orzechowski v. Commissioner, supra at 754-757. Accordingly, he is liable for the excise tax imposed *599 in the amount of $ 90 under section 4973. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.