WILLEM FREDERIK BOGAARDS AND INA JOHANNA BOGAARDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bogaards v. Commissioner
Docket No. 7970-79.
United States Tax Court
T.C. Memo 1981-540; 1981 Tax Ct. Memo LEXIS 201; 42 T.C.M. (CCH) 1177; T.C.M. (RIA) 81540; September 24, 1981. Willem Frederik Bogaards and Ina Johanna Bogaards, pro se. Marilyn Ames, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency in the petitioners' income tax for 1975 in the amount of $ 420 and also imposed an excise tax under section 4973, I.R.C. 1954, [1] in the amount of $ 90. The case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure.
The questions presented are (1) whether petitioners may deduct a $ 1,500 contribution to an individual retirement account made in calendar year 1975 under section 219, and (2) whether petitioners are liable for the 6 percent excise tax under section 4973 on an excess contribution on an individual retirement account made during 1975. Though simultaneous briefs were ordered, none has been submitted by petitioners. The following facts are found pursuant to the stipulation of the parties. *203 At the time of the filing of the petition herein, petitioners, husband and wife, resided in Allahabad, India, where petitioner Willem was employed as an engineer. Petitioners filed their joint U.S. Individual Income Tax Return (Form 1040) for the calendar year 1975 with the District Director of the Internal Revenue Service at Austin, Texas. Petitioner Willem Frederik Bogaards (hereinafter referred to as petitioner) was a salaried employee of Chemical Construction Corporation from October 8, 1973, to September 26, 1975, when petitioner's employment was terminated. While employed by Chemical Construction Corporation, petitioner was an active participant in Chemical Construction's retirement plan which was a qualified plan under section 401(a), and petitioner's participation in the plan ended on September 26, 1975, when his employment terminated. On October 31, 1975, petitioner opened an individual retirement account within the meaning of section 408 at Homeco Life Insurance Company in Appleton, Wisconsin, and made a contribution to it of $ 1,500. Petitioner was refunded $ 245.82 as his contribution to Chemical Construction's retirement plan on January 20, 1976. The *204 petitioner's interest in Chemical Construction's retirement plan did not vest in 1975, and petitioner did not receive any benefits from the plan. Petitioner's interest in the plan would not have vested before his sixty-fifth birthday or before completion of ten years of cumulative service, whichever occurred first. In computing their adjusted gross income for their 1975 return, petitioners took a $ 1,500 deduction for the contribution to an individual retirement account. Petitioners did not include any interest from an individual retirement account in their income for 1975 since the account earned no interest during that year. In his statutory notice of deficiency dated January 11, 1979, the respondent determined the $ 1,500 contribution was not deductible since the petitioner was an active participant in a qualified pension plan for taxable year 1975. The respondent also determined that petitioners had made an excess contribution in 1975 of $ 1,500 and imposed the 6 percent excise tax of section 4973 for 1975 in the amount of $ 90. On the basis of the stipulated facts in this case, the only ones before us, we find and conclude that petitioners are not entitled to a deduction *205 of $ 1,500 in 1975 under section 219 for their contribution to an individual retirement account because petitioner was an active participant in a qualified pension plan during 1975. Accordingly, petitioners made an excess contribution of $ 1,500 to an individual retirement account in 1975. Also, the petitioners are liable for the 6 percent excise tax on the excess contribution which existed in 1975. As we see it, and as the respondent contends, this case falls within the ambit of Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979), which involved similar issues. Accordingly, the respondent's determinations are sustained. No further discussion should be necessary. [2]
We have considered the recent opinion in Foulkes v. Commissioner, 638 F.2d 1105 (7th Cir. 1981), reversing a Memorandum Opinion of this Court, and we believe it is distinguishable. In that case the taxpayer terminated *206 his employment in May 1975 and forfeited his right to benefits under his employer's qualified noncontributory pension plan. It was conceded in that case that the break in service rules of section 411(a)(6) did not apply to the taxpayer under the pension plan (i.e., he would receive no credit under the plan for past time if he returned to his former employment). In the instant case, the petitioner has not shown that he would not be entitled to a reinstatement of previously accrued benefits if he were to be reemployed by Chemical Construction after 1975 within the time period provided by the break in service provisions of the Chemical Construction's retirement plan. Therefore, the potential for a double tax benefit did in fact exist as of the end of 1975 and, consequently, the rationale adopted by the Court of Appeals in the Foulkes case is not applicable. [3]
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩
2. We also refer to Chapman v. Commissioner, 77 T.C.     (Aug. 24, 1981); Novik v. Commissioner, T.C. Memo. 1981-446; and Hollon v. Commissioner, T.C. Memo. 1980-47↩.
3. Compare Chapman v. Commissioner, supra, with Boykin v. Commissioner, T.C. Memo. 1981-447↩.