## Frederick A. Chapman and Helen P. Chapman, Petitioners v. Commissioner of Internal Revenue, Respondent

Docket No. 8898–79.     Filed August 24, 1981.

Frederick A. Chapman and Helen P. Chapman, pro se.
*F. Michael Kovach*, for the respondent.

### OPINION

DAWSON, *Judge*: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7456(c), I.R.C. 1954,[1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below.

### OPINION OF SPECIAL TRIAL JUDGE

GUSSIS, *Special Trial Judge*: Respondent determined a deficiency in petitioners' Federal income tax for 1976 in the amount of $540 and also determined an excise tax deficiency for 1976 in the amount of $90. The case was submitted to the Court fully stipulated. Rule 122. The issues are (1) whether a $1,500 contribution to an individual retirement account (IRA) was deductible under section 219; and (2) whether petitioners are liable for an excise tax under section 4973(a) for excess contributions to an IRA.

At the time the petition herein was filed, petitioner Frederick A. Chapman was a resident of Detroit, Mich., and petitioner Helen P. Chapman was a resident of North Hampton, N.H. Petitioners filed a timely Federal income tax return for the year 1976.

Petitioner Frederick A. Chapman was employed by Blue Cross/Blue Shield of Massachusetts from April 26, 1971, to August 31, 1976. He became eligible to participate in his employer's pension plan in July 1974. Under the plan, an

---

[1]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.

[2]The Court has concluded that the post-trial procedures of Rule 182 are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

eligible employee became a participant in the plan and it was further provided that no participant could withdraw while remaining an employee. Blue Cross/Blue Shield of Massachusetts was notified on June 5, 1978, that its pension plan was qualified under section 401.

Under the terms of the pension plan, an employee of Blue Cross/Blue Shield of Massachusetts was required to be employed for 10 years in order to obtain vested rights under the pension plan and to become entitled to any benefits under the plan. Participants in the plan received benefits keyed to their years of credited service.

With respect to the year 1976, petitioner accrued benefits under the plan for the period beginning January 1, 1976, and ending August 31, 1976. He was credited with a total of 1,301 hours for this period. Section 2.11.5 of the Blue Cross/Blue Shield of Massachusetts Pension Plan provides that an employee has completed a "year of service" if he completes at least 1,000 hours of service during the plan year. Petitioner would be entitled to a reinstatement of previously accrued benefits if he were reemployed by Blue Cross/Blue Shield of Massachusetts after 1976 but within the time period provided by the break-in-service provision of the pension plan.

Petitioner earned a total of $29,546.03 while employed with Blue Cross/Blue Shield of Massachusetts in 1976. Blue Cross/Blue Shield of Massachusetts made the following payments into the pension plan for the calendar year 1976: $700,000 on October 5, 1976, $700,000 on November 2, 1976, and $1,400,000 on December 1, 1976.

In 1976, petitioner paid $1,500 into an individual retirement account (IRA) and deducted such amount on his 1976 Federal income tax return. Respondent disallowed the deduction and imposed an excise tax of $90.

Section 219(b)(2)(A)(i) provides that no deduction for contributions to an IRA will be allowed for a taxable year to any individual who was "an active participant" in a qualified pension plan under section 401(a) for any part of such year. An individual is considered an active participant if he is accruing benefits under a qualified plan even though he has only forfeitable rights to plan benefits and such benefits are in fact forfeited by termination of employment before any rights

become vested. *Orzechowski v. Commissioner*, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979).

Here, petitioner was automatically a participant in the Blue Cross/Blue Shield plan under its express provisions while he was an employee during the first 8 months of 1976 (through August 31, 1976). It is immaterial that Blue Cross/Blue Shield of Massachusetts was not actually notified by the Internal Revenue Service until June 5, 1978, that its plan qualified under the Code. The term "qualified plan" simply means a plan that satisfies the requirements of section 401(a). See, e.g., sec. 1.401–0(b), Income Tax Regs. Moreover, it does not appear that the approval of the Internal Revenue Service was limited to prospective application.

Nor is it significant that the employer's payments into the plan for the year 1976 were made in October, November, and December, i.e., after petitioner's period of employment had terminated. The statute does not turn upon such considerations. The significant fact is that petitioner was an active participant in his employer's plan while employed through August of 1976.

We have considered the recent opinion in *Foulkes v. Commissioner*, 638 F.2d 1105 (7th Cir. 1981), reversing a Memorandum Opinion of this Court, and we believe it is distinguishable. In that case, the taxpayer terminated his employment in May 1975 and forfeited his right to benefits under his employer's qualified noncontributory pension plan. Moreover, it was conceded in that case that the break in service rules of section 411(a)(6) did not apply to the taxpayer under the pension plan (i.e., he would receive no credit under the plan for past time if he returned to his former employment).[3] The Court of Appeals, stressing that the congressional purpose in enacting the "active participant" limitation in section 219(b)(2)(A)(i) was to prevent the *potential* for a double tax benefit,[4] concluded under these particular facts that as of the end of the taxable year 1975 the taxpayer had no potential for a double tax benefit and, hence, was not an "active

---

[3]See *Foulkes v. Commissioner*, 638 F.2d 1105, 1109 n.16 (7th Cir. 1981).

[4]The double tax benefit which Congress sought to preclude was of course the potential for an individual to obtain the tax benefit provided by being a participant in a qualified plan as well as the tax benefit permitted to those making contributions to an IRA.

participant" in a qualified plan in 1975 within the limitation of section 219(b)(2)(A)(i).

To the contrary, it has been stipulated in the instant case that the petitioner would be entitled to a reinstatement of previously accrued benefits if he were to be reemployed by Blue Cross/Blue Shield of Massachusetts after 1976 within the time period provided by the break-in-service provisions of the Blue Cross/Blue Shield of Massachusetts Pension Plan.[5] Therefore, the potential for a double tax benefit did in fact exist as of the end of 1976 and, consequently, the rationale adopted by the Court of Appeals in the *Foulkes* case is not applicable.

We must conclude on this record that petitioner was an active participant in a qualified plan in 1976 within the meaning of the statutory limitation and, hence, is not entitled to a deduction under section 219 for the payment to an IRA in 1976.

Section 4973 imposes an excise tax of 6 percent on "excess contributions" made to an IRA during the taxable year. Since petitioner is not entitled to a deduction under section 219 for his contribution of $1,500 to an IRA in 1976, it follows that this entire amount represents an excess contribution subject to said excise tax. *Orzechowski v. Commissioner, supra.* Petitioner's arguments are keyed to the dissenting views in the *Orzechowski* case which were not adopted by this Court. We must therefore sustain respondent's determination.

Finally, in view of the limited statutory jurisdiction of this Court under section 6214, we are not authorized to permit petitioner to undo the events of 1976 and allow him to make different arrangements for his retirement.

*Decision will be entered for the respondent.*

---

[5]In view of this stipulation, as well as the futher stipulations that petitioner "terminated his employment" on Aug. 31, 1976, and that petitioner was "credited" with 1,301 hours (from Jan. 1, 1976, until Aug. 31, 1976), there is no merit in petitioner's contention that he did not complete a year of service (i.e., 1,000 hours) in the year 1976 under the applicable provisions of the pension plan (sec. 2.10.1 of the Blue Cross/Blue Shield of Massachusetts Pension Plan)..