LEON and PURNIMA G. THOMSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomsen v. Commissioner
Docket No. 17261-79
United States Tax Court
T.C. Memo 1981-685; 1981 Tax Ct. Memo LEXIS 64; 42 T.C.M. (CCH) 1773; T.C.M. (RIA) 81685; November 25, 1981. Leon Thomsen, pro se. Joan B. Renegar, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $ 250 in petitioners' Federal income tax for the 1976 taxable year and an excise tax deficiency of $ 99. The case was submitted to the Court fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. The issues for decision are: (1) whether petitioners are entitled to a deduction of $ 900 under section 219 [1] for a contribution to an individual retirement account (IRA), and (2) whether they are liable for the 6 percent excise tax imposed by section 4973 on excess contributions to an IRA. *66 Petitioners resided in Vestal, New York at the time of filing their petition herein. They timely filed a joint Federal income tax return for the 1976 taxable year with the Internal Revenue Service Center in Buffalo, New York. [2]
Petitioner Purnima Thomsen (hereinafter petitioner) was employed by the town of Vestal, New York, from January 13, 1975 to August 6, 1976. During this time, the town of Vestal contributed to the New York State Employees' Retirement System, a qualified pension plan. Petitioner was a Tier 2, non-contributory member of the plan from the first date of her employment, and as such, was required to have five years of service with the town before her rights under the plan would vest. In August of 1976, after less than 2 years of service, petitioner terminated her employment with the town of Vestal. On December 31, 1976, she contributed $ 900 to an IRA held in her name and deducted that amount on her 1976 Federal income tax return. Respondent disallowed the deduction and determined an excise tax of $ 99. [3]
*67 Section 219(a) allows a taxpayer to deduct certain amounts paid during the taxable year to an IRA. However, section 219(b)(2)(A) disallows the deduction if for any part of such year the taxpayer was an "active participant" in a qualified pension plan. An individual is an active participant if he is accruing benefits under a qualified plan even though he has only forfeitable rights to plan benefits, and such benefits are later forfeited by termination of employment before any rights become vested. Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Petitioner concedes this authority, but contends that under Foulkes v. Commissioner, 638 F.2d 1105 (7th Cir. 1981), revg. a Memorandum Opinion of this Court, petitioner is not an "active participant" as that phrase was intended by Congress because she had no potential for a double tax benefit. [4] Respondent counters that petitioner is clearly an active participant under the vast weight of the law, and argues that this Court should not follow Foulkes because that decision ignores the clear and unambiguous language of section 219(b)(2). [5]
*68 While Foulkes is contrary to the great weight of precedent, the present occasion does not call for a full scale review of that opinion. [6] First, this case is appealable to the Second Circuit and clearly governed by that court's opinion in Orzechowski. Second, Foulkes is distinguishable. As we recently pointed out in Chapmand v. Commissioner, 77 T.C. 477, 480 (1981), "it was conceded in * * * [Foulkes] that the break in service rules of section 411(a)(6) did not apply to the taxpayer under the pension plan (i.e., he would receive no credit under the plan for past time if he returned to his former employment)." Where the taxpayer would be entitled to a reinstatement of previously accrued benefits if he were to be reemployed by the employer within the time period specified by the break in service provisions of the plan, the potential for a double tax benefit does exist and the rationale of Foulkes v. Commissioner, supra, does not apply. Here, petitioner was a participant *69 in the plan from the first date of her employment to the last. Were she to return to work with the town of Vestal, petitioner possibly would receive credit for this past employment. It is up to her to show us otherwise. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. As the record does not contain a copy of the plan itself from which we could determine the presence or absence of a break in service rule, we must assume that the potential for a double tax benefit does in fact exist. The distinction enunciated in Chapman v. Commissioner, supra, is thus dispositive of petitioner's argument. For the above reasons, we conclude that petitioner was an active participant in a qualified plan in 1976, within the meaning of the statutory limitation.Hence, she is not entitled to a deduction under section 219 for the 1976 contribution to an IRA. [7]
*70 Section 4973 imposes an excise tax of 6 percent on "excess contributions" made to an IRA during the taxable year. Paragraph (b) of this section defines excess contributions as the amount contributed to an IRA in excess of the amount allowable as a deduction under section 219. Since we hold that petitioner is not entitled to a deduction for the $ 900 contribution to an IRA in 1976, it follows that this entire amount is an excess contribution subject to the excise tax. Guest v. Commissioner, 72 T.C. 768 (1979); Orzechowski v. Commissioner, supra.
Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
2. Leon Thomsen is a party only because he filed a joint return with his wife.↩
3. The $ 99 excise tax is based on the 1976 $ 900 contribution and a 1975 $ 750 contribution.↩
4. The double tax benefit which Congress sought to preclude was the potential for a taxpayer to obtain both the tax benefits of being a participant in a qualified plan and of making contributions to an IRA. ↩
5. We are not bound by that decision, as appeal in this case would lie to the Second Circuit Court of Appeals. Sec. 7482(b).↩
6. See also the Fifth circuit's recent decision in Johnson v. Commissioner,     F.2d     (5th Cir. 1981), affg. 74 T.C. 1057↩ (1980).
7. We recognize the possible inequities caused, as does Congress. Certain taxpayers making voluntary contributions to both an IRA and a qualified plan can receive a sec. 219 deduction beginning in 1982. Additionally, the maximum deduction will increase from the lesser of $ 1,500 or 15 percent of compensation to the lesser of $ 2,000 or 100 percent of compensation. Economic Recovery Act of 1981, Pub. L. 97-34, sec. 311, 95 Stat. 274-277 (effective for taxable years beginning after December 31, 1981).↩