DOUGLAS NUETZMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nuetzman v. Commissioner
Docket No. 12444-81.
United States Tax Court
T.C. Memo 1982-714; 1982 Tax Ct. Memo LEXIS 31; 45 T.C.M. (CCH) 303; T.C.M. (RIA) 82714; December 9, 1982. Douglas Nuetzman, pro se. Richard J. Sapinski, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Chief Judge: Respondent determined deficiencies of $338 in petitioner's Federal income tax and $90 in petitioner's excise tax, imposed by section 4973, [1] for the taxable year ended December 31, 1977. The sole issue for decision is whether petitioner *32 is entitled to a deduction of $1,500 for amounts he contributed to an Individual Retirement Account (IRA) in 1977. Petitioner concedes that he is liable for the excise tax if the IRA contribution is disallowed. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Jersey City, New Jersey, when he filed his petition in this case. Petitioner was employed as a teacher, from 1974 through mid-1977, by the Trinity School (Trinity) in New York City. During that part of 1977 in which petitioner was employed at Trinity, he was a participant in the Trinity School Group Pension Plan (the plan), which was a "qualified defined benefit plan" under section 401(a). The plan required that a participant complete five "years of service" [2] before becoming vested in any part of the accrued benefit available to him under the plan. A *33 participant who left Trinity prior to acquiring vested rights under the plan, but later returned, could be credited with his prior "years of service" under the plan's "break-in-service" rules. [3]
In mid-1977 petitioner left Trinity for a *34 job with Dubner Computer Systems, Inc. (Dubner). At that time, petitioner was not covered under a qualified pension plan. During 1977 petitioner established and contributed $1,500 to an IRA. On his 1977 Federal income tax return, which was timely filed, petitioner deducted this contribution under section 219. Respondent disallowed the deduction and imposed the 6-percent excise tax under section 4973. This case is controlled by Chapman v. Commissioner,77 T.C. 477 (1981). The key fact which is determinative of the disallowance of the deduction and of the amount of the excess contribution to which the 6-percent excise tax applies is that petitioner could recover his "forfeited" pension rights under the plan's break-in-service rules. Consequently, we are not faced with the question of whether a taxpayer who has no "potential for a double tax benefit" because his pension rights are not recoverable under break-in-service rules is entitled, under section 219, to establish an IRA. Compare Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), Revg. T.C. Memo. 1978-498, with Hildebrand v. Commissioner,683 F.2d 57 (3d Cir. 1982), *35 affg. T.C. Memo. 1980-532. Moreover, we note that the Third Circuit Court of Appeals in Hildebrand v. Commissioner,supra, did not rest its decision on the possibility of resumption of benefits under the "break in service" rule and held for respondent based upon the clear statutory language "for any part of such year." Since an appeal in this case lies to the same circuit, we would in any event be bound to hold for respondent herein. Golsen v. Commissioner,54 T.C. 742, 756-758 (1970), affd. on the substantive issue 445 F.2d 985 (10th Cir. 1971). Petitioner's contention that there was no likelihood that he would ever be reemployed by Trinity is without merit; it is the possibility, not the probability, of reemployment that is determinative. Alexander v. Commissioner,T.C. Memo. 1980-71. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Each participant would receive credit for a "year of service" for each full or partial year of "accrual service" (computed for twelve-month periods beginning each September 1) prior to September 1, 1976, and for each plan year (similarly calculated) after the plan became effective on September 1, 1976, in which he was credited with 1,000 or more hours of service. ↩
3. A participant would have a "break in service" for any plan year in which he was not credited with more than 500 hours of service and during any part of which he was not on Trinity's employment records. Years of service credited to a non-vested participant before his break in service would not be forfeited if the number of consecutive years of the participant's break in service was less than the number of years of "vesting service" earned before the break in service occurred. Additionally, the participant would once again have to meet the plan's eligibility requirements.↩