JOSEPH HAMILTON CRAINE AND JOANNE M. CRAINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Craine v. Commissioner
Docket No. 27975-81.
United States Tax Court
T.C. Memo 1984-513; 1984 Tax Ct. Memo LEXIS 159; 48 T.C.M. (CCH) 1224; T.C.M. (RIA) 84513; September 26, 1984. Joseph H. and Joanne M. Craine, pro se. Valerie Liu, for the respondent. PANUTHOS MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8 of this Court, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $540. Concessions having been made by petitioners, the issues remaining for decision are (1) Whether petitioners are entitled to a deduction pursuant to section 219 for a $1,500 contribution in 1978 to an Individual Retirement *161 Account (IRA); and (2) whether any portion of that contribution constitutes an excess contribution subject to the 6 percent tax imposed by section 4973. [2]
At the time of filing their petition herein petitioners resided in Cerritos, California. In 1977 petitioner Joseph H. Craine (hereinafter petitioner) was employed by ITT Continental Baking Company, Inc. (Continental). He terminated his employment with Continental at the end of the first two weeks of 1978. During those two weeks Continental contributed $97 to a qualified pension plan within the meaning of section 401 on petitioner's behalf. Thus, in 1978, petitioner accrued benefits and was an active participant in a qualified pension plan. Although nothing in the record suggests that petitioner will again work for Continental, should he do so, he will *162 receive credit for his period of service prior to termination. Petitioner was unaware that he was accruing benefits in a qualified pension plan. Having been an active participant in a qualified plan in 1978, petitioner opened an individual retirement account that year and made a contribution to the account in the amount of $1,500. Petitioner deducted that contribution under section 219. This deduction was disallowed by respondent and a 6 percent tax was imposed on the disallowed contribution as an excess contribution. Petitioner's position is quite simple. The plan in which he was an active participant had a "10 year cliff" vesting schedule. That meant that petitioner was not going to be eligible for any vested benefits until he had been an active participant in the plan for 10 full years. Thus, petitioner argues, he loses on both ends; he cannot receive any benefits for the amounts contributed to the plan while he was an active participant in it unless he works for almost 10 additional years, nor can he get any benefit from a contribution to an IRA, because the contribution will be disallowed. Petitioner points out that the law has since been changed to make it possible *163 for a person in this kind of situation to make a contribution to an IRA without making an excess contribution. Respondent relies on Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979), in support of his position that the deduction is not available to petitioner because he was an active participant in a qualified pension plan and that the contribution is subject to the 6 percent tax imposed by section 4973(a). In Orzechowski, the taxpayer wastold in late 1975 that he would probably be laid off. Subsequently, in January 1976, he was terminated after 7 and one-half years of continuous service, but before he had completed the 10 years necessary to obtain a non-forfeitable interest in the qualified pension plan in which he was an active participant. During 1975, taxpayer had made a $1,500 contribution to an IRA and deducted that amount on his 1975 Federal income tax return. The Commissioner disallowed the deduction and imposed a tax on the contribution to the IRA. This Court rejected the contention that the forfeitability of his interest in the qualified plan prevented him from being an active participant *164 within the meaning of section 219(b)(2).Referring to the report of the Ways and Means Committee, the Court noted that an individual is an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Orzechowski v. Commissioner,supra at 753. We must again reject petitioner's contention as to the deductibility of the contribution to an IRA and sustain respondent's determination.See Hildebrand v. Commissioner,683 F.2d 57 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Johnson v. Commissioner,661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980); Johnson v. Commissioner,620 F.2d 153 (7th Cir. 1980), affg. T.C. Memo. 1978-426. We note that the decision in Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), revg. a Memorandum Opinion of this Court, is distinguishable. In the instant case petitioner has not shown thathe would not be entitled to a reinstatement of previously accrued benefits if he were to be reemployed by Continental after 1978 within the time period provided by *165 the break-in-service provisions of Continental's retirement plan. Therefore, the potential for a double tax benefit did in fact exist as of the end of 1978 and, consequently, the rationale adopted by the Court of Appeals in the Foulkes opinion is not applicable. See Chapman v. Commissioner,77 T.C. 477 (1981). The 6 percent tax imposed on excess contributions to an IRA under section 4973 does not take into account the intent of petitioner when the contribution is made. If an excess contribution is made, it is subject to the tax. In this case, as in Orzechowski v. Commissioner,supra, the entire contribution was in excess of of the amount deductible under section 219. Thus, the entire contribution was an excess contribution and, though not disqualifying the account, it is subject to the tax under section 4973. Anthes v. Commissioner,81 T.C. 1, 8 (1983), affd. in unpublished opinion     F.2d     (1st Cir. June 6, 1984). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. By Order dated April 3, 1984, the small tax designation was removed. Prior to the enactment of Pub. L. 97-362, Sec. 106(a), 96 Stat. 1730, subtitle D was not included under the procedures set forth in section 7463. This restriction was removed with respect to petitions filed after October 25, 1982. The petition in this case was filed prior to the date of amendment.↩