PETER AND CAROLE A. GROSEWALD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grosewald v. Commissioner
Docket No. 30702-84.
United States Tax Court
T.C. Memo 1986-97; 1986 Tax Ct. Memo LEXIS 509; 51 T.C.M. (CCH) 592; T.C.M. (RIA) 86097; March 13, 1986. *510 Peter Grosewald, pro se. Joyce Bauchner, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioners' income tax for 1981 in the amount of $164 and an addition to tax under section 4973 [1] in the amount of $27 as an excise tax authorized by that section. The sole issues for decision are whether petitioners may deduct $450 under section 219 of the Code for a contribution to an individual retirement account (IRA), and whether the amount contributed is subject to excise tax under section 4973. FINDINGS OF FACT Petitioners Peter and Carole A. Grosewald filed a joint Federal income tax return for the taxable year 1981 with the Internal Revenue Service Center at Holtsville, N.Y. Petitioners resided in Putnam Valley, N.Y., at the time the petition in this case was filed. From January 1, 1981 through April of 1981, Carole Grosewald was employed by Hudson Guild, Inc. *511 (Hudson) and not covered by a retirement plan while employed there. For the remainder of 1981 Carole was employed by the Putnam Valley Central School District. She was an active participant in its pension plan (the "Plan"). The Plan was a qualified retirement plan established by a state or political subdivision of a state for its employess. While employed at Hudson, Carole contributed $450 to an IRA for the taxable year 1981. The $450 contribution is less than 15 percent of Carole's salary from Hudson, and Carole made no 1981 contributions to an IRA after she terminated employment there. On petitioners' 1981 Federal income tax return they claimed a deduction for Carole's $450 IRA contribution. On June 1, 1984, respondent issued a statutory notice of deficiency disallowing this deduction and determining a 6 percent excise tax pursuant to section 4973. OPINION Section 219, as applicable for 1981, allows a deduction of up to $1,500 per taxable year for a contribution to an IRA as described in section 408(a). Nevertheless, section 219(b)(2)(A)(iv) provides that no deduction for a contribution to an IRA will be allowable for a taxable year for any individual, if, for any *512 part of the tax year, he or she was an active participant in a plan established for its employees by a state or political division thereof or an agency or instrumentality thereof. A person is considered an active participant even though he may have forfeited all of his plan benefits prior to his becoming vested. Hildebrand v. Commissioner,683 F.2d 57, 58-59 (3d Cir. 1982), affg. a Memorandum Opinion of this Court. In this case, Carole falls squarely within the aforementioned statutory language. Petitioners contend, however, that they are not provided with the double tax benefit the statute seeks to prevent because they made an effort to prorate their IRA contribution so that, even taking into account the Plan contributions, they would not exceed the statutory contribution limits. Petitioners' argument is novel but must be rejected. Numerous cases have held that although the results to petitioners seem harsh, we cannot ignore the plain language of the statute, and, in effect, rewrite the statute to achieve what would appear to be an equitable result. E.g., Eanes v. Commissioner,85 T.C. 168, 171 (1985); Anthes v. Commissioner,81 T.C. 1, 7 (1983), *513 affd. by unpublished order (1st Cir., June 26, 1984). Petitioners have made a commendable effort to distinguish the binding precedent in the circuit to which their case is appealable. They argue that the taxpayer in Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979), contributed the maximum amount allowed under the statute for a year during which he was a member of a qualified plan for the entire year. Judged as of the end of the taxable year, the taxpayer not only had received the potential for a double benefit, but could be said to be assured of a double benefit as long as circumstances did not change. Thus, according to petitioners, Orzechowski presented the strongest case for a literal application of section 219(b)(2)(A) short of a taxpayer actually receiving a double benefit. That Mr. Orzechowski's circumstances did change so that he did not receive a double benefit (the following year he forfeited all rights to plan benefits) is not the only thing which shows that Orzechowski is more similar to this case than petitioners acknowledge. More telling regarding the material similarity is that Orzechowski *514 was not decided on the basis of the amount the taxpayer there contributed, but on the basis that the IRA contribution was made during a year in which the taxpayer was an active participant in a qualified plan. We hold that the deductions claimed in this case are not materially different from those disallowed in Orzechowski,supra.
We have considered Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), and determine it to be distinguishable from the case before us. The Foulkes decision turned on the fact that there was no potential for any double tax benefit to the taxpayer. The Foulkes court reasoned that since the taxpayer had, in the middle of the year, left the employ of the firm that maintained the qualified plan, and could not avail himself of the benefits provided by the plan, there was no potential for a double tax benefit. The crucial finding was that pursuant to the terms of the plan in Foulkes, the taxpayer forfeited his rights to benefits when he terminated his employment in the middle of the year for which he claimed an IRA contribution deduction. In the case before us, there is no evidence that the benefits of *515 the school district plan will not inure to Carole. Petitioners bear the burden of proving that fact, if they wish to rely on Foulkes.Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Therefore, even if this Court adhered to the rule in the Foulkes case (but see Eanes v. Commissioner,supra), petitioners would not prevail. Moreover, to the extent that both Foulkes and Orzechowski are applicable to petitioner's situation, we would look not to the Seventh Circuit's decision in Foulkes, but to the Second Circuit's decision in Orzechowski for the applicable precedent, since that is the circuit to which this case would be appealed. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir.), cert. denied 404 U.S. 940 (1971). [2]
We sympathize with the inequity of which petitioners complain by stating that *516 they have not taken any greater monetary benefit than the statute allows. However, section 219(b)(2) was enacted to prevent not merely the actual but the potential double tax benefit which would be obtained by an individual who is a participant both in a qualified pension plan as well as an individual retirement account. Foulkes,supra, 639 F.2d at 1107. The short answer to petitioner's equity argument as we noted in a somewhat different context, is that "[t]he statute does not turn upon such considerations." Chapman v. Commissioner,77 T.C. 477, 480 (1981). [3]
We also hold that under the clear language of section 4973 the addition to tax of $27 is warranted. Section 4973 provides that the excess of the amount contributed to an IRA over the amount deductible under section 219 shall be subject to a 6 percent excise tax. Since we have determined above *517 that none of the $450 contributed to the individual retirement account by Carole is deductible under section 219, the entire amount contributed is subject to the 6 percent tax of section 4973. See Eanes v. Commissioner,supra;Orzechowski v. Commissioner,supra.
Decision will be entered for Respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that the Foulkes opinion recognized that its holding would not affect facts similar to those at bar. See Foulkes v. Commissioner,638 F.2d 1105, 1107↩ n. 10 (7th Cir. 1981).
3. Sec. 219 has been amended to allow persons covered by qualified plans to take deductions for contributions to IRAs in taxable years beginning after December 31, 1981. See sec. 311(a), Economic Recovery Act of 1981, Pub. L. 97-34, 95 Stat. 274. This change was not made retroactive.↩