Anna **VALTSAKIS**, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Appellee.

No. 16, Docket 86–4003.

United States Court of Appeals, Second Circuit.

Argued Aug. 25, 1986.
Decided Sept. 22, 1986.

Anna Valtsakis, pro se.

Janet Bradley, Atty., Tax Div., Dept. of Justice, Washington, D.C., (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Gary A. Allen, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel), for appellee.

Before FEINBERG, Chief Judge, CARDAMONE, Circuit Judge and KELLEHER, District Judge.[*]

PER CURIAM:

Appellant Anna Valtsakis appeals from a decision of the United States Tax Court, Theodore Tannenwald, Jr., J., upholding the disallowance of her Individual Retirement Account (IRA) contribution in taxable year 1980 and the imposition of an excise tax on that excess contribution. Valtsakis was employed by the County of Rockland, New York, from January to September 1980, during which period whe was a noncontributory member of Rockland County's qualified pension plan. When she left the employ of Rockland County, she had acquired no vested rights under that plan. From October to December 1980, Valtsakis was employed by Good Samaritan Hospital, during which period she was not a member of any employer pension plan. Instead, she contributed $1,500 to an IRA. Valtsakis concedes, however, that her benefits under the Rockland County plan could have been reinstated if she returned to work with the County within five years after her employment terminated.

The Tax Court denied Valtsakis' IRA deduction on the basis of § 219(b)(2) of the Internal Revenue Code of 1954, 26 U.S.C. § 219(b)(2), which provides that an individual who is an active participant in a qualified pension plan for any time during the taxable year is not entitled to an IRA deduction. In previously considering § 219(b)(2), this court has noted that "Congress's objective was to prevent non-vested participants [in employer plans] from creating their own

tax-supported retirement program, thereby securing double benefits after their rights in their employer's plan vested." *Orzechowski v. Commissioner*, 592 F.2d 677, 678 (2d Cir.1979). Furthermore, the legislative history indicates that Congress' purpose was to deny potential as well as actual double benefits.

> An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, *e.g.*, accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction.

H.R.Rep. No. 807, 93d Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad. News, 4639, 4670, 4794.

█ In the present case, Valtsakis retained the potential to gain double tax benefits for 1980 since she could have regained her benefits under Rockland County's pension plan had she returned to work for the County within five years. As a result, she is not entitled to an IRA deduction for 1980.

Valtsakis argues that this court should reverse the decision of the Tax Court on the basis of *Foulkes v. Commissioner*, 638 F.2d 1105 (7th Cir.1981). In *Foulkes*, however, the taxpayer had irrevocably forfeited the benefits from his former employer's pension plan before he opened an IRA. Since that had not occurred with Valtsakis, the holding of *Foulkes* does not support her contention.

With regard to the excise tax imposed on appellant, since her contribution to an IRA in 1980 was an excess contribution, it is subject to such a tax pursuant to § 4973(a) of the Internal Revenue Code. See *Orze-*

---

[*] Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

*chowski,* 592 F.2d at 679. We therefore affirm the Tax Court's decision on this issue as well.

Valtsakis also contends that she has been denied the equal protection of the laws because, she alleges, her case would have been decided differently if she had resided in the jurisdiction of the Seventh Circuit. The existence of divergent results in different circuits, however, does not amount to a violation of equal protection. Certainly there is a rational justification for the division of the federal system into separate and independent circuits. Moreover, as discussed above, it is not at all certain that she would have prevailed even if she had appealed her case to the Seventh Circuit because the facts of this case and of *Foulkes* differ.

Judgment affirmed.